PER CURIAM.
Appellant was sentenced on three offenses. On the armed robbery charge, in his oral pronouncement, the trial judge imposed a sentence of 5½ years imprisonment (with the three-year mandatory minimum) followed by 5 years probation. But the written sentence reflects a sentence of 10½ years imprisonment, however after serving a period of 5V2 years, the balance of such sentence to be suspended and the appellant to be placed on probation for a period of 5 years. The written sentence is reversed and the case remanded for correction of that sentence to conform to the court’s oral pronouncement. Bivins v. State, 454 So.2d *328 723 (Fia. 1st DCA 1984); Lewis v. State, 528 So.2d 142 (Fia. 1st DCA 1988).
We also reverse the imposition of costs under Sections 27.3455, 960.20 and 943.-25(4), Florida Statutes (1987), and remand for further proceedings at which the defendant shall be given notice and an opportunity to be heard. Jenkins v. State, 444 So.2d 947 (Fla.1984); Mays v. State, 519 So.2d 618 (Fla.1988); Carter v. State, 513 So.2d 782 (Fla. 1st DCA 1987).
In all other respects, we affirm.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
SMITH, C.J., and MILLS and NIMMONS, JJ., concur.