JOANOS, Judge.
Appellant challenges his conviction and the sentence imposed after a jury found him guilty of one count of arson of a dwelling. The issues raised in this appeal are directed to: (1) the legal sufficiency of the evidence to support a finding of guilt, (2) the propriety of consolidating two separate charges of arson for purposes of trial, and (3) the correction of the written judgment and sentence to conform to the trial court’s oral pronouncement. We affirm with respect to issues one and two, and reverse and remand with regard to issue three.
By separate informations, appellant was charged with committing two acts of arson, each occurring on different dates and at different places. The first charge arose from a fire which occurred on January 3, 1987, in a house rented by appellant’s girl friend. The second charge concerned a fire which occurred on January 15, 1987, in a vacant house, which had been readied for occupancy. Prior to trial, the state filed a motion to consolidate the two cases,-premised on an allegation that the crimes were connected acts or transactions and that evidence of each would be admissible in the trial of the other as relevant to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Over objection, the trial court granted the state’s motion to consolidate the two cases.
The record reflects that the first fire was discovered about 6:00 p.m. on January 3, 1987, by an officer on patrol. Testimony at *186 trial established that appellant had been drinking during the afternoon of January 3, 1987, and that he and his girl friend quarreled before guests. Following the quarrel, appellant’s girl friend and her guests left; appellant left his girl friend’s residence a short time later. When appellant’s girl friend returned, the fire had been reported and fire fighters were on the scene. Initially, appellant’s girl friend feared that he was still in the house, but later he was observed as an onlooker at the scene. The testimony of different witnesses was to the effect that appellant asserted he had set the fire, and then implicitly disclaimed responsibility by asking, “Do you think I’d do something like that?”
The subsequent investigation revealed that all of the eyes and the oven of the gas-burning stove in the house had been left in the “on” position. Appellant’s girl friend testified that she customarily left the stove burners on to help heat the house, and that she had left the burners on when she left the house on January 3, 1987. She asserted that although there were curtains over a window behind the stove, there had never been a problem with the curtains blowing over the stove top. The fire chief and an investigator for the State Fire Marshall stated they found evidence which led them to conclude the fire had been set in three places.
As to the second fire, the record reflects that sometime between midnight and 1:00 a.m., of January 15, 1987, appellant reported the fire to a person who lived next door to the burning house. Residents of the area where the second fire occurred testified that appellant had gone to various houses of persons he knew who lived in the area, apparently seeking shelter for the night. When one of the area residents told appellant he would have to leave, appellant allegedly stated, “It only takes a match to set your house to fire.” Several witnesses who saw appellant on the evening of the second fire stated that he appeared intoxicated. Approximately thirty minutes after one of appellant’s acquaintances admonished him for pounding on the door of a neighboring house, appellant was observed running out of the burning house.
During the investigation which followed, accidental causes of the fire were ruled out. The Fire Marshal’s investigator concluded the fire had been set with an open flame. The jury returned a verdict of not guilty as to the first fire, but guilty as charged as to the second fire. In pronouncing sentence, the trial court imposed a sentence of seventeen years incarceration for one count of arson of a dwelling, and granted credit for 281 days time served.
After a careful examination of the record, we conclude that the circumstantial evidence in this case is legally sufficient to support the verdict of guilt with regard to arson of a dwelling on January 15, 1987. Tibbs v. State, 397 So.2d 1120, 1123 (Fla. 1981), affirmed, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). Therefore, we affirm the first issue raised in this appeal.
With regard to the second issue, we find the two arson offenses in this case were not based on the same act or transaction within the contemplation of Florida Rule of Criminal Procedure 3.151(a). See Paul v. State, 385 So.2d 1371, 1372 (Fla. 1980). Therefore, it was error to consolidate the two cases for purposes of trial. Since a finding of error is not automatic cause for reversal, it becomes our task to determine whether the error has resulted in a miscarriage of justice, or injuriously affected the substantial rights of appellant. See §§ 59.041, Fla.Stat. (1985), and 924.33, Fla.Stat. (1985); State v. Lee, 531 So.2d 133 (Fla.1988); State v. DiGuilio, 491 So.2d 1129 (Fla.1986). The focus of harmless error analysis is “the effect of the error on the trier of fact.” Lee, 531 So.2d at 137. After examining the entire record in this case, and giving particular consideration to the fact that the jury was not influenced by the evidence pertaining to the first offense, since it found appellant not guilty of that arson, we are able to say beyond a reasonable doubt that the error did not affect the verdict. DiGuilio, 491 So.2d at 1139. Therefore, we affirm with regard to the second issue.
We reverse, however, with regard to the third issue. The record reflects a *187 conflict between the trial court’s oral pronouncement of credit for time served and the written notation on the sentencing documents. On remand, the trial court is directed to correct the written judgment and sentence to reflect 281 days credit for time served, rather than the 213 days set forth on the sentencing documents. See Fitch v. State, 533 So.2d 327 (Fla. 1st DCA 1988); Lewis v. State, 528 So.2d 142 (Fla. 1st DCA 1988).
Accordingly, we affirm as to the first two issues, and reverse and remand as to the third issue, with directions to correct the written sentence to conform the credit for time served to the trial court’s oral pronouncement.
WIGGINTON and BARFIELD, JJ., concur.