561 So.2d 1218 (1990)
Mark Anthony NIEHENKE, Appellant,
v.
STATE of Florida, Appellee.
No. 89-749.
District Court of Appeal of Florida, Fifth District.
April 19, 1990.
On Motion for Rehearing/Certification June 14, 1990.
James B. Gibson, Public Defender, and James R. Wulchak, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Bonnie J. Parrish, Asst. Atty. Gen., Daytona Beach, for appellee.
HARRIS, Judge.
Mark Anthony Niehenke appeals his sentence following a nolo contendere plea to violation of probation. In May 1985 the defendant was placed on probation for the offense of aggravated battery for a period of ten years with a condition that he serve 2 1/2 years in prison. After his release from prison he violated probation and was restored to his term of probation with a condition that he serve 3 1/2 years in prison with credit for 949 days previously spent incarcerated.
After his release he again violated probation. His new guideline sentencing range, *1219 including the one cell bump, was 2 1/2 to 3 1/2 years. Since he had previously served 3 1/2 years on the original offense and first violation, the sentencing guidelines prevented the judge from imposing any punishment for the new violation. Stating as his written reason for departure that the defendant had already served his guideline sentence on the previous violation, the judge sentenced appellant to 12 years in prison.
While this court understands the frustration of the trial court in attempting to supervise defendants on probation, both courts are bound to follow the law as determined by the Supreme Court. In Franklin v. State, 545 So.2d 851 (Fla. 1989), the Florida Supreme Court limited the sentencing court, regardless of reason, to the guideline plus one cell for any violation sentence.
REVERSED and REMANDED.
PETERSON, J., concurs.
W. SHARP, J., dissents with opinion.
W. SHARP, Judge, dissenting.
Despite the language in Franklin v. State, 545 So.2d 851 (Fla. 1989) and Lambert v. State, 545 So.2d 838 (Fla. 1989), which appears to flatly prohibit a trial judge from using a defendant's violation of probation as a reason to impose a departure sentence (beyond the allowed one cell bump-up), I think the facts of this case are distinguishable. In Lambert, the defendants had violated their probations (respectively) by committing new criminal substantive offenses, and the trial judges imposed departure sentences because the probation violation was substantive and egregious, although the defendant had not then been convicted of the new criminal conduct.
Here we have the problem of the multiple probation violator for whom there is no longer any consequence or remedy for further probation violations. Niehenke had already served all of the time permitted under the sentencing guidelines (including the one-cell bump-up). His multiple probation violations were based on "technical" reasons: failure to file reports, to pay costs of supervision, and failure to pay a fine. No later sustantive criminal offenses are involved here, and thus no possibility of double-dipping.
As the trial judge put it, at the sentencing hearing:
[A]nd that if the Court of Appeal wants to tell me that I can't do this [impose a departure sentence beyond the one cell increase], then I will ask the probation department not to bother with coming back with violations of probation for people who have served a maximum they can serve under the guidelines, because we have been told that we can't do anything to them then. They're free spirits at that point, and can do whatever they please. Complete immunity. Because that would be the effect of the ruling otherwise.
Although violation of probation is not an independent offense punishable at law in Florida[1] surely neither the Florida Supreme Court nor the legislature, by adopting the guidelines, intended to abolish it as a practical matter. Yet if multiple probation violators are confined to the one-cell bump-up, that is precisely what has happened. The trial courts will have lost any power to enforce conditions of probation. This is an area drastically in need of clarification.

ON MOTION FOR REHEARING/CERTIFICATION
Rehearing has been granted in this matter solely for the purpose of amending the previous opinion to include the following certified question to the Supreme Court:
WHETHER, IN LIGHT OF FRANKLIN V. STATE, 545 So.2d 851 (FLA. 1989), AND LAMBERT V. STATE, 545 So.2d 838 (FLA. 1989), A TRIAL COURT IS LIMITED TO THE ONE-CELL BUMP IN SENTENCING A MULTIPLE PROBATION *1220 VIOLATOR WHO HAS ALREADY SERVED ALL OF THE TIME PERMITTED UNDER THE SENTENCING GUIDELINES, INCLUDING THE ONE-CELL BUMP?
We do certify the above referenced question as being of great public importance. In all other respects, the previous opinion remains unchanged.
SHARP and PETERSON, JJ., concur.
NOTES
[1] Lambert v. State, 545 So.2d 838 (Fla. 1989).