DAUKSCH, Judge.
This is an appeal from a sentence. Because the sentencing judge departed from the recommended guideline sentence, we vacate the sentence and remand for resen-tencing. Also, because the judge failed to give credit for jail time appellant had already served, we direct that the court give him the credit due.
Appellant was sentenced for two delivery of cocaine charges and the trial judge departed from the guideline sentence because one of the charges followed shortly after he had been placed on probation for the other charge. Both of these convictions were pending before the court for sentencing and were included in the same score-sheet. The fact that the subsequent offense occurred while the appellant was on probation, and just because it was within a short time after he was placed on probation *285 are insufficient reasons to depart from the recommended guideline sentence. It is proper to give appellant a one-cell bump-up. Ree v. State, 565 So.2d 1329 (Fla.1990); Lambert v. State, 545 So.2d 838 (Fla.1989); Franklin v. State, 545 So.2d 851 (Fla. 1989); Peters v. State, 531 So.2d 121 (Fla. 1988); Niehenke v. State, 561 So.2d 1218 (Fla. 5th DCA 1990); Ellis v. State, 559 So.2d 292 (Fla. 5th DCA 1990); Lewis v. State, 558 So.2d 170 (Fla. 5th DCA 1990).
This appellant is due 209 days credit for previous jail time served. Davis v. State, 543 So.2d 437 (Fla. 2d DCA 1989); Kirkman v. Wainwright, 465 So.2d 1262 (Fla. 5th DCA 1985).
SENTENCE VACATED, REMANDED.
DANIEL, C.J., and HARRIS, J., concur.