PARKER, Judge.
Mario Roa appeals the trial court’s revocation of his probation and community control and the trial court’s sentence exceeding the sentencing guidelines. We affirm the revocation of probation and community control but reverse the departure sentence.
Roa’s original sentences for burglary, aggravated battery, and two counts of grand theft in the second degree exceeded the sentencing guidelines. Upon appeal to this court, we reversed the sentences and directed the trial court to resentence Roa within the guidelines. See Roa v. State, 512 So.2d 1091 (Fla. 2d DCA 1987). On resentencing, Roa received a sentence within the guidelines of four and one-half years in state prison to be followed by fifteen years’ probation.
In April 1989, while on probation, Roa’s probation officer filed an affidavit for violation of probation for possession of marijuana. No action was taken upon that violation.
In September 1989, an affidavit for violation of probation was filed, alleging Roa violated the terms of his probation when he was arrested in April of 1989 for driving while under the influence and driving with a suspended driver's license. The September 1989 affidavit was amended in December of 1989 to include additional alleged violations of probation to the two earlier driving offenses. These new violations involved Roa’s alleged commission of the crimes of possession of a firearm, carrying a concealed firearm, kidnapping, aggravated battery, and attempted murder, all of which allegedly occurred in November 1989.
At a hearing on December 28, 1989, on the amended affidavit for violation of probation, the assistant state attorney informed the trial court that the alleged victims of the November 1989 crimes alleged in the amended affidavit of violation had all signed waivers of prosecution. In addition, the assistant state attorney presented to the court a letter from two Tampa police detectives who requested that Roa be permitted to remain in a position to continue to work with the detectives on major drug cases. Thereafter, the trial court accepted Roa’s admission to a violation of probation for possession of a firearm charge only and sentenced Roa to life probation, plus fifteen years’ probation, plus two years’ community control, all of which were to run concurrently.
Thereafter, an affidavit was filed alleging that Roa violated two conditions of community control. The affidavit alleged that Roa had been in an establishment which served alcohol and away from his residence without permission, in violation of the conditions of his community control. These events allegedly occurred in February 1990. The trial court conducted a hearing on these community control violations. Although the testimony presented at this hearing was in substantia] dispute, there was sufficient evidence, if believed by the trial court, to find that Roa did violate two conditions of community control. This court cannot substitute its judgment for that of the trial court regarding the credi *1128 bility of a witness. Demps v. State, 462 So.2d 1074 (Fla.1984).
However, the departure sentence was error. The trial court listed three reasons for the upward departure from the sentencing guidelines. “1. The defendant is not amenable to probation because of the number of violations of probation and community control. 2. The defendant is not amenable to probation because of the timing of these violations. 3. The defendant is extremely dangerous.”
As to the first departure reason, the underlying reasons for the violations, leaving his residence without permission and entering an establishment serving alcohol, are not sufficiently egregious to permit a departure beyond the one-cell “bump” permitted for any violation of community control. See Wilson v. State, 510 So.2d 1088 (Fla. 2d DCA 1987). Also, there have not been multiple violations of probation and community control. The trial court could not consider the April 1989 affidavit as a violation of probation because the state never pursued it. That leaves only one previously established violation of probation, and that was for the possession of a firearm violation listed in the amended affidavit filed in December 1989.
This court has upheld multiple violations of probation as a reason for an upward departure from the sentencing guidelines. Williams v. State, 559 So.2d 680 (Fla. 2d DCA 1990).[1] However, Williams required at least two previous findings and sentences for violation of probation before the current violation before the court which permitted the upward departure.
The second reason listed for departure, that the defendant is not amenable to probation because of the timing of the violations, is neither supported by the facts of this case nor the case law. See Bradley v. State, 558 So.2d 516 (Fla. 1st DCA 1990). See also State v. Simpson, 554 So.2d 506 (Fla.1989). Finally, the third reason listed for departure, that defendant is extremely dangerous, has been held invalid by this court. Hair v. State, 539 So.2d 23 (Fla. 2d DCA 1989).
We affirm the trial court s finding that Roa violated his community control. We reverse the sentence and remand for the court to sentence Roa within a range which permits no more than a one-cell “bump” above the recommended sentencing guidelines.
Affirmed in part; reversed in part; and remanded for a new sentencing hearing.
RYDER, A.C.J., and THREADGILL, J., concur.

. This case is currently pending review before the Florida Supreme Court.