594 So.2d 273 (1992)
Dennis WILLIAMS, et al., Petitioners,
v.
STATE of Florida, Respondent.
No. 75919.
Supreme Court of Florida.
February 6, 1992.
James Marion Moorman, Public Defender and Megan Olson, Asst. Public Defender, Tenth Judicial Circuit, Bartow, for petitioners.
Robert A. Butterworth, Atty. Gen., and Wendy Buffington, Dell H. Edwards, William I. Munsey, Jr. and Michele Taylor, Asst. Attys. Gen., Tampa, for respondent.
GRIMES, Justice.
We review Williams v. State, 559 So.2d 680, 681 (Fla. 2d DCA 1990), in which the court certified the following question as one of great public importance:
HAS THE SUPREME COURT IN REE V. STATE, 14 F.L.W. 565 (FLA. NOV. 16, 1989), AND LAMBERT V. STATE, 545 So.2d 838 (FLA. 1989), RECEDED FROM THE HOLDING IN ADAMS V. STATE, 490 So.2d 53 (FLA. 1986), IN WHICH IT FOUND THAT WHERE A DEFENDANT, PREVIOUSLY PLACED ON PROBATION, HAS REPEATEDLY VIOLATED THE TERMS OF HIS PROBATION AFTER HAVING HAD HIS PROBATION RESTORED, THAT A TRIAL COURT MAY USE THE MULTIPLE VIOLATIONS OF PROBATION AS A VALID REASON TO SUPPORT A DEPARTURE SENTENCE BEYOND THE ONE CELL BUMP FOR VIOLATION OF PROBATION UNDER [FLORIDA RULE OF CRIMINAL PROCEDURE 3.701(d)(14) (WEST 1984)]?
We also review fifteen other cases from that court[1] certifying the same question, *274 which we have consolidated for disposition. Our jurisdiction is based on article V, section 3(b)(4) of the Florida Constitution.
Dennis Williams was placed on two years' probation for second-degree grand theft in 1985. The following year the court adjudicated him guilty of violating probation and restored him to probation for a three-year period. In 1987, the court once again found him to be in violation of probation. On this occasion, the court sentenced Williams to five years in prison, a departure from the presumptive guideline range of community control or twelve to thirty months' incarceration, including the one-cell increase for violation of probation. The court recited the multiple violations of probation as the basis for departure.
In an en banc decision, the Second District Court of Appeal affirmed the departure sentence, 559 So.2d 680, relying upon this Court's previous opinion in Adams v. State, 490 So.2d 53 (Fla. 1986). Recognizing, however, that certain language in our recent opinions in Ree v. State, 565 So.2d 1329 (Fla. 1990), modified, State v. Lyles, 576 So.2d 706 (Fla. 1991), and Lambert v. State, 545 So.2d 838 (Fla. 1989), could be read to have overruled Adams, the court posed the certified question.[2]
On facts similar to those of the instant case, we held in Adams that an upward departure from the sentencing guidelines was justified because the defendant had "`twice been found to have violated the terms of her probation.'" 490 So.2d at 54. More recently, however, we held in Lambert that factors related to violation of probation or community control cannot be used as grounds for departure. In Ree we cited Lambert for the proposition that any departure sentence for probation violation is impermissible if it exceeds the one-cell increase permitted by the sentencing guidelines.
Neither Lambert nor Ree involved multiple violations of probation[3] and neither made reference to Adams. However, the policy reasons underlying our opinions in Lambert and Ree persuade us to conclude that even multiple violations of probation should not be a valid basis for departure from the sentencing guidelines. To permit such a departure would have the effect of endorsing severe punishment not for the original crime but for the subsequent conduct that constitutes the violation of probation. Further, such a practice could lead to disproportionate results out of harmony with the spirit of the sentencing guidelines.
On the other hand, we are also sensitive to the dilemma that sometimes faces trial judges in cases of multiple violations of probation. As Judge Sharp explained in her dissenting opinion in Niehenke v. State, 561 So.2d 1218 (Fla. 5th DCA 1990):
Here we have the problem of the multiple probation violator for whom there is no longer any consequence or remedy for further probation violations. Niehenke had already served all of the time permitted under the sentencing guidelines (including the one-cell bump-up)... .
... .
Although violation of probation is not an independent offense punishable at law in Florida surely neither the Florida Supreme Court nor the legislature, by adopting the guidelines, intended to abolish it as a practical matter. Yet if multiple probation violators are confined to the one-cell bump-up, that is precisely what has happened. The trial courts will have lost any power to enforce conditions of probation. This is an area drastically in need of clarification.
Id. at 1219 (Sharp, J., dissenting) (footnote omitted).
*275 We believe that the answer lies within the guidelines themselves. Florida Rule of Criminal Procedure 3.701(d)(14), as approved by the legislature, provides that a "sentence imposed after revocation of probation or community control may be ... increased to the next higher cell (guidelines range) without requiring a reason for departure." It is entirely consistent to conclude that where there are multiple violations of probation, the sentence may be successively bumped to one higher cell for each violation. To hold otherwise might discourage judges from giving probationers a second or even a third chance. Moreover, a defendant who has been given two or more chances to stay out of jail may logically expect to be penalized for failing to take advantage of the opportunity.
We answer the certified question in the affirmative, with the caveat that in the case of multiple violations of probation, the sentences may be bumped one cell or guideline range for each violation. We recede from Adams and quash the decision below to the extent that it conflicts with this opinion. Because Williams' sentence was outside the range of even a two-cell bump-up, we remand with directions that his sentence be limited to three and one-half years, which is the maximum authorized by this opinion. We remand the other consolidated cases for disposition consistent with this opinion. We also disapprove Irizarry v. State, 578 So.2d 711 (Fla. 3d DCA 1990), Niehenke v. State, 561 So.2d 1218 (Fla. 5th DCA 1990), and Maddox v. State, 553 So.2d 1380 (Fla. 5th DCA 1989), to the extent that they conflict with this opinion.
It is so ordered.
SHAW, C.J. and OVERTON, McDONALD, BARKETT, KOGAN and HARDING, JJ., concur.
NOTES
[1] Mathis v. State, 561 So.2d 333 (Fla. 2d DCA 1990); Waldon v. State, 559 So.2d 687 (Fla. 2d DCA 1990); Seiber v. State, 559 So.2d 687 (Fla. 2d DCA 1990); Campbell v. State, 559 So.2d 686 (Fla. 2d DCA 1990); Thomas v. State, 559 So.2d 686 (Fla. 2d DCA 1990); Murphy v. State, 559 So.2d 686 (Fla. 2d DCA 1990); Blemke v. State, 559 So.2d 685 (Fla. 2d DCA 1990); Bronson v. State, 559 So.2d 685 (Fla. 2d DCA 1990); Mitchell v. State, 559 So.2d 684 (Fla. 2d DCA 1990); Boyd v. State, 559 So.2d 684 (Fla. 2d DCA 1990); Flournoy v. State, 559 So.2d 683 (Fla. 2d DCA 1990); Christy v. State, 559 So.2d 683 (Fla. 2d DCA 1990); McKennie v. State, 559 So.2d 683 (Fla. 2d DCA 1990); Stanback v. State, 559 So.2d 459 (Fla. 2d DCA 1990); Brown v. State, 559 So.2d 412 (Fla. 2d DCA 1990).
[2] Other district courts of appeal have ruled that Adams has been overruled. Irizarry v. State, 578 So.2d 711 (Fla. 3d DCA 1990); Niehenke v. State, 561 So.2d 1218 (Fla. 5th DCA 1990); Maddox v. State, 553 So.2d 1380 (Fla. 5th DCA 1989).
[3] The use of the term "multiple probation violations" in this opinion refers to successive violations which follow the reinstatement or modification of probation rather than the violation of several conditions of a single probation order.