PER CURIAM.
We review Niehenke v. State, 561 So.2d 1218, 1219-20 (Fla. 5th DCA 1990), in which the court certified the following question as being of great public importance:
WHETHER, IN LIGHT OF FRANKLIN V. STATE, 545 SO.2D 851 (FLA.1989), AND LAMBERT V. STATE, 545 SO.2D 838 (FLA.1989), A TRIAL COURT IS LIMITED TO THE ONE-CELL BUMP IN SENTENCING A MULTIPLE PROBATION VIOLATOR WHO HAS ALREADY SERVED ALL OF THE TIME PERMITTED UNDER THE SENTENCING GUIDELINES, INCLUDING THE ONE-CELL BUMP?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
In our opinion in Williams v. State, 594 So.2d 273 (Fla.1992), we held that in the case of multiple violations of probation, sentences may be bumped one cell or guideline range for each violation. Therefore, as phrased, we answer the certified question in the negative. We quash the decision below to the extent that it conflicts with Williams and remand the case for disposition according to the rationale of that opinion.
It is so ordered.
SHAW, C.J. and OVERTON, McDonald, barkett, grimes, KOGAN and HARDING, JJ., concur.