GRIMES, Justice.
We review Roa v. State, 574 So.2d 1126 (Fla. 2d DCA 1991), because of its conflict with Williams v. State, 594 So.2d 273 (Fla.1992). We have jurisdiction under article V, section 3(b)(3) of the Florida Constitution.
The history of this case is well stated in the opinion below. The court held (1) that two previous violations of probation justified an upward departure from the sentencing guidelines upon a third probation violation, and (2) that because Roa had just one previous violation, he could only be sentenced within a range which permitted a one-cell bump above the recommended guidelines.
In Williams, this Court recently held that multiple violations of probation did not warrant a departure sentence but concluded that sentences may be bumped one cell or guideline range for each violation. Therefore, because Roa had violated probation on two occasions, he could have been sentenced within a range which permitted a two-cell bump above the recommended sentencing guidelines. We are advised, however, that following receipt of the mandate of the district court of appeal, Roa was actually sentenced within the guidelines. As a consequence, there is no need for resentencing because the trial court was not obligated to bump Roa’s sentence.
Accordingly, we approve the opinion below except to the extent that its rationale conflicts with Williams and this opinion.
It is so ordered.
SHAW, C.J., and OVERTON, McDonald, BARKETT, KOGAN and HARDING, JJ., concur.