605 So.2d 1002 (1992)
Anthony L. SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 92-314.
District Court of Appeal of Florida, First District.
October 9, 1992.
Nancy A. Daniels, Public Defender, and Nada M. Carey, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Charles T. Faircloth, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Anthony L. Smith has appealed a sentence imposed after revocation of community control. We reverse, and remand for resentencing.
Smith was charged with the sale of cocaine in each of Case Nos. 90-454, 90-455, and 90-505. He pled nolo contendere in exchange for sentencing within the permitted guidelines range, or "community control or 1-3 1/2 years." In July 1990, he was sentenced in Case Nos. 90-454 and 90-505 to 2 years of community control plus 13 years probation, and in Case No. 90-455 to a consecutive 15-year probationary term.
In October 1991, Smith was charged with two violations of one condition of his community control, i.e., two of his urine tests were positive for cocaine. He pled nolo contendere to the violations, and the court revoked his community control. After the one-cell bump up permitted for sentencing *1003 after violations of community control by Rule 3.701 d.14., Florida Rules of Criminal Procedure, the permitted sentencing range was "community control or 1-4 1/2 years." In Case No. 90-454, the trial court sentenced Smith to 3 1/2 years incarceration. The court then orally pronounced that "community control was reinstated" in Case Nos. 90-455 and 90-505 (although community control had not originally been imposed in the former case), to run consecutively.
Smith argues that his sentence is illegal in that, although separate sentences must be imposed for each count, the total sentence shall not exceed the guidelines sentence without written reasons. Rule 3.701 d.12., Fla.R.Crim.P. After revocation of community control, a court can sentence under the original cell or the next higher cell without written reasons and, if the cell includes "community control or incarceration," both may be imposed if the total does not exceed the maximum period of incarceration under the guidelines. Ewing v. State, 526 So.2d 1029 (Fla. 1st DCA 1988). Smith points out that, although the maximum of the permitted range after the one-cell bump up was 4 1/2 years, the total of incarceration (3 1/2 years) and community control (2 years) exceeded it by one year.
The state responds that the sentence is permissible under Williams v. State, 594 So.2d 273 (Fla. 1992), which held that, for "multiple probation violations," the trial court may bump up a cell for each violation. Because Smith had two probation violations, the trial court could properly bump up two cells, and the sentence is therefore legal.
Williams does not authorize the sentence imposed herein. In that case, the Supreme Court specifically defined "multiple probation violations" as "successive violations which follow the reinstatement or modification of probation rather than the violation of several conditions of a single probation order." Williams at 274, n. 3 (emphasis supplied). Here, Smith had not committed a "successive violation following reinstatement or modification of probation," but rather a first violation "of several conditions of a single probation order." Therefore, only a one cell bump up was permissible, for a maximum incarcerative period of 4 1/2 years.
When a sentencing range states "community control or incarceration," a court is not precluded from utilizing a combination of incarceration and community control, if the total sentence does not exceed the recommended incarcerative period. Ewing at 1030. In Collins v. State, 596 So.2d 1209 (Fla. 1st DCA 1992), the appellant pled nolo contendere to violating community control, and to a new offense. The trial court revoked community control, and sentenced appellant to 3 1/2 years incarceration on the original offense, and a consecutive 2-year term of community control on the new offense, for a total of 5 1/2 years. Because the maximum incarcerative period of the permitted range was 3 1/2 years, the court reversed for resentencing within the guidelines, citing Ewing. Collins at 1210.
Here, after the permissible one cell bump up, the maximum incarcerative period of the permitted range was 4 1/2 years. The total of the 3 1/2 years incarceration imposed in Case No. 90-545, and the consecutive 2-year term of community control reimposed in Case No. 90-505, is 5 1/2 years. Thus, the total sentence exceeds the maximum recommended incarcerative period, and must be reversed and the case remanded for resentencing. For the information of the trial court on remand, community control was not originally imposed in Case No. 90-455, but rather a 15-year probationary term. Thus, community control cannot be "reinstated" in that case at resentencing.
The sentence imposed herein is reversed, and the case remanded for resentencing within the permitted guidelines range.
JOANOS, C.J., and BOOTH and WIGGINTON, JJ., concur.