PER CURIAM.
Thomas Friedly appeals from convictions for grand theft and possession of cocaine. The convictions themselves, which both follow pleas of guilty, are not contested on appeal and are hereby affirmed. However, we agree that Friedly’s sentence of five years on each count, consecutive, represents an unlawful departure from the sentencing guidelines. We therefore remand for sentencing within the guidelines.
The trial court departed based on Friedly’s “excessive number of [probation] violations.” As recognized in Williams v. State, 594 So.2d 273 (Fla.1992), this is not a proper basis for departure. At most, under Williams the trial court could have “bumped” the recommended sentence one cell per violation. Friedly’s ten-year sentence represents a six-cell enhancement. The state contends that Friedly has violated probation or community control at least six times, thus the departure order involves only harmless error.
The record in this case may fairly be described as a morass of violation affidavits, handwritten clerk’s memoranda, orders of violation, reinstatement, and modification, and other legal paperwork. Absolutely nothing recommends Friedly as a candidate for anything more lenient than incarceration. However, we must agree with Friedly that the record demonstrates only three separate violations, requiring reduction of his sentence by three cells.
The remaining sentencing issue raised in Friedly’s brief is without merit.
Affirmed in part, reversed in part, and remanded for resentencing.
RYDER, A.C.J., and DANAHY and FRANK, JJ., concur.