617 So.2d 829 (1993)
Diana Yvonne WARRENDER, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2212.
District Court of Appeal of Florida, First District.
May 3, 1993.
Nancy A. Daniels, Public Defender, and Nada M. Carey, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Gypsy Bailey, Asst. Atty. Gen., and Michelle Konig, Tallahassee, for appellee.
JOANOS, Chief Judge.
Appellant, Diana Yvonne Warrender, contends the sentences imposed upon the revocation of her community control, and the new offenses she committed during the period of community control, impermissibly exceed the maximum permitted guidelines sanction. We reverse.
On May 12, 1992, appellant pled nolo contendere to violation of community control in circuit court case 89-3230, and to new charges of possession of cocaine and paraphernalia in circuit court case 91-2533. At sentencing, the trial court noted that due to appellant's two instances of violation of community control, the guidelines authorized a two-cell increase in the sentencing range. The scoresheet total of 72 points placed appellant in the recommended and permitted sentencing range of any nonstate prison sanction. With a two-cell increase, the permitted sentencing range was community control or one to 4 1/2 years of incarceration. In case 89-3230, the trial court adjudicated appellant guilty of violation *830 of community control, revoked community control, and imposed a sentence of 4 1/2 years. In case 91-2533, the trial court adjudicated appellant guilty, and imposed two years of community control, to be followed by three years of probation, with this sentencing disposition to be served consecutively to the 4 1/2-year sentence imposed in case 89-3230.
A sentence imposed after revocation of probation or community control may be increased to the next higher cell without written reasons for departure. Fla. R.Crim.P. 3.701(d)14. When multiple violations of probation or community control are involved, the court may increase the sentencing range one cell for each violation. Williams v. State, 594 So.2d 273 (Fla. 1992). Multiple violations are successive violations which follow reinstatement or modification of probation or community control, rather than a violation of several conditions of a single probation order. Williams, at 274 n. 3; Smith v. State, 605 So.2d 1002, 1003 (Fla. 1st DCA 1992). The one cell increase authorized by rule 3.701(d)14 contemplates both the "permitted" and the "recommended" sentencing range. Peters v. State, 531 So.2d 121 (Fla. 1988); Brown v. State, 581 So.2d 936, 937 (Fla. 1st DCA 1991).
Although a sentence must be imposed for each offense, the total sentence cannot exceed the total guideline range, unless a written departure reason is provided. Fla.R.Crim.P. 3.701(d)12. When the sentencing range includes community control or incarceration, the trial court may impose both, provided the combined sanction does not exceed the maximum guidelines period of incarceration. Smith v. State, 605 So.2d at 1003; Collins v. State, 596 So.2d 1209 (Fla. 1st DCA 1992), Ewing v. State, 526 So.2d 1029, 1030 (Fla. 1st DCA 1988). See also Thicklin v. State, 599 So.2d 202, 204 (Fla. 1st DCA 1992).
The record in this case reflects the successive multiple community control violations necessary for the two-cell increase in the sentencing range. Based on the two community control violations, the trial court imposed a 4 1/2-year sentence and a consecutive 2-year community control sentence. The combined sanctions exceed the maximum of 4 1/2 years of incarceration provided by the scoresheet, and no reasons for departure were provided.
Accordingly, the sentencing disposition in this case must be reversed and remanded for resentencing within the guidelines.
WOLF and KAHN, JJ., concur.