PER CURIAM.
Ronnie L. Ulmer (Ulmer) appeals from sentencing imposed upon revocation of probation. The underlying convictions are not contested on appeal and are hereby affirmed. Ulmer argues, and we agree, the court erred in disregarding the sentencing guidelines based on multiple prior probation revocations.
As recognized in Williams v. State, 594 So.2d 273 (Fla.1992), this is not a proper basis for departure. At most under Williams, the trial court could have “bumped” the recommended sentence one cell per violation. Ulmer’s fifty-five year sentence represents a six-cell enhancement. The basis for departure is improper, and it is unclear as to how many violations Ulmer actually has. The record in this case is a confusing collection of violation affidavits, orders of violation, reinstatements, modifications and other paperwork. Ulmer is an obvious candidate for incarceration; however, we must remand to the trial court for resentencing to determine an appropriate sentence based on the sentencing guidelines and Williams. See also Friedly v. State, 616 So.2d 120 (Fla. 2d DCA 1993).
Ulmer also argues the court lacked jurisdiction to revoke community control because two years is the maximum period of community control available for any one offense. The court had jurisdiction in each of the instances of revocation as the term of community control had not expired before Ulmer violated, and the term imposed was within the statutory maximum for the offense. Any objection regarding the question of whether the court erred in reimposing community control is now waived. Ulmer, having accepted the benefits of community control, is precluded from challenging that sentence upon revocation. Helton v. State, 611 So.2d 1323 (Fla. 1st DCA 1993); Bashlor v. State, 586 So.2d 488 (Fla. 1st DCA 1991).
Reversed and remanded for resentenc-ing.
RYDER, A.C.J., and FRANK and BLUE, JJ., concur.