PER CURIAM.
Appellant, Huie Charles Thomas, challenges two four-and-one-half year sentences imposed for his two convictions for uttering a forged instrument following his second violation of probation. We find no error as to the issues raised by appellant. A defendant’s guideline sentence may be increased by one cell for each violation of probation. Williams v. State, 594 So.2d 273 (Fla.1992). Because appellant, who was originally sentenced to five-year probationary terms, did not receive a true split sentence or a term of years, the trial court was free to sentence him following the revocation to any sentence it could have *565 originally imposed, together with a two-cell increase for appellant’s two probation violations. See Poore v. State, 531 So.2d 161, 163 n. 1 (Fla.1988). While appellant’s two sentences fall within a three-cell increase from his original recommended range, they come within a two-cell increase under the permitted range and are therefore proper. Moultrie v. State, 618 So.2d 789 (Fla. 1st DCA 1993); Brown v. State, 581 So.2d 936 (Fla. 1st DCA 1991); Sellers v. State, 578 So.2d 339 (Fla. 1st DCA), approved, 586 So.2d 340 (Fla.1991).
Although we affirm appellant’s four-and-a-half year sentences, we nevertheless must modify appellant’s sentence as to Count I, because it contains a scrivener’s error. Although the trial court sentenced appellant to 4V2 years, with credit for 310 days previously served, the sentencing form for Count I incorrectly credits appellant with “310 years.” (The sentence for Count II correctly indicates credit for “310 days.”) We therefore strike the word “years” from the sentence and modify the sentence to reflect appellant was credited on Count I for “310 days” previously served.
AFFIRMED as modified.
ERVIN and MINER, JJ., and WENTWORTH, Senior Judge, concur.