THOMPSON, Judge.
The defendant, Ricky Joe Mullins, appeals the summary denial of his 3.850 motion for post-conviction relief. He alleges that he was sentenced in derogation of the sentencing guidelines as they relate to a violation of probation. Specifically, he alleges that the trial judge exceeded the appropriate sentencing cell by improperly imposing a two-cell bump up instead of a one-cell bump up for his violation of probation. We agree and the case is reversed and remanded for resentencing.
On 9 February 1987, Mullins was resen-tenced on the charge of DUI manslaughter and was sentenced to a split sentence: five years incarceration followed by seven years probation. This was a legal sentence because the guideline sentence range was three to seven years incarceration. Mullins takes no exception to this sentence. He served his time, including credit for time served in the Orange County Jail, in the Department of Corrections (“DOC”), and was released on 14 April 1988 to complete the remainder of his sentence on probation. Mullins was arrested on 16 July 1992 for violating two conditions of his probation. This order was the only order alleging any violation of probation. Mullins entered a plea to the violation and signed a written plea form. On the form was written “I understand the maximum penalties for the charge(s) to be 15 years DOC....” On 17 September 1992, Mullins was found in violation of his probation. His probation was revoked and terminated and he was sentenced to 15 years in the DOC with credit for five years and sixty-four days time served. Mullins now argues that although 15 years is the maximum penalty allowed by statute, he is not eligible to receive this sentence because it exceeds the guideline sentence of one-cell bump up.
The sentencing judge at Mullins’ violation of probation hearing noted that Mullins’ scoresheet contained the same number of points at his violation of probation hearing as at his original sentencing hearing and therefore, he was still in the three to seven year range. However, because he had “... two separate violations [the judge] bumped him up two cells into the 12-17 year sentence range_” The trial court relied upon Williams v. State, 594 So.2d 273 (Fla.1992) and Taylor v. State, 595 So.2d 956 (Fla.1992). The trial court erred. Absent a legal reason to exceed the sentencing guidelines, the defendant who has received a split sentence can only be sentenced to a maximum of seven to twelve years in the DOC; that is, a one-cell bump up from his original sentencing cell. See Florida Criminal Procedure 3.701(d)(14); Ree v. State, 565 So.2d 1329 (Fla.1990); Franklin v. State, 545 So.2d 851 (Fla.1989).
The confusion comes from a single probation order which alleges several violations of conditions of probation as compared to multiple violations of probation. Williams, 594 So.2d at 274 defines “multiple violations of probation” as “successive violations which follow the reinstatement or modification of probation rather than the violation of several conditions of a single probation order.” A defendant may be bumped up one cell for each successive violation of a probation order, but in the case sub judice, Mullins has violated several conditions of a single probation order. That one probation order contained two violations of conditions of probation, thus he is not eligible to be bumped up more than one-cell for violating the terms and condition of his probation. See Smith v. State, 605 So.2d 1002 (Fla. 1st DCA 1992) (holding that a trial court cannot bump up *584 a defendant more than one-cell for the violation of several conditions of a single probation order).
The case is reversed and remanded with the direction that Mullins be resentenced with a maximum of one-cell bump up and that he be given all the credit for time served that he has earned.
COBB and GRIFFIN, JJ., concur.