PER CURIAM.
Michael Iott appeals the summary denial of his motion for postconviction relief. Iott claims the sentences he received in case nos. 85-4664 and 90-2462 are illegal. We find merit only in his claim as it relates to the sentence in case no. 85-4664 and therefore reverse only that portion of the order denying relief from that claim. We otherwise affirm.
Iott contends the sentence imposed upon revocation of community control in case no. 85-4664 illegally exceeds the one-cell increase permissible for each violation of probation under Williams v. State, 594 So.2d 273 (Fla.1992). It does appear from the record before us that a scoresheet error occurred. Iott was initially sentenced under the guidelines for the offense of sale of a controlled substance in that case. A category seven scoresheet was used which resulted in a score in the twelve to thirty months recommended range. Iott subsequently violated probation and was sentenced to two years’ community control to run concurrent with sentences imposed in three other cases which are not challenged in this motion. In September 1990, Iott was arrested for violation of community control.
In case no. 90-2462, Iott was charged with two counts of robbery for which he was arrested in May 1990. In October 1990, Iott pleaded no contest to the charges in that case. At the same time he entered guilty pleas to the pending violation of community control in ease no. 85-4664 and the other three eases. Iott was sentenced at the same time for the offenses in all the cases pending. It appears from the record before us that a new scoresheet, a category three designating the robbery offenses involved in case no. 90-2462 as the primary offense, was prepared to determine the guidelines sentence. The score resulted in the nine to twelve years recommended range.
Iott claims that he was sentenced as a habitual offender in case no. 90-2462 and under the guidelines in case no. 85-4664. The record suggests that the court utilized the new scoresheet to sentence Iott on the revocation of community control, increased the range by one cell for the violation of community control and sentenced him to fifteen years in prison. If Iott was sentenced as a habitual offender on the new substantive offense and if, as the record reflects, the new scoresheet was used in sentencing him on the violation of community control in case no. 85-4664, it was error to do so. See Rice v. State, 622 So .2d 1129 (Fla. 5th DCA 1993). The new substantive offense for which he was habitualized should have been removed from the scoresheet consideration; therefore, it was not necessary to prepare a new score-sheet. Id. Instead, the original scoresheet for the underlying offense should have been used in sentencing on the revocation of community control. Id. A one cell increase for each violation of probation then would have been permissible. Williams v. State, 594 So.2d 273 (Fla.1992). Accordingly, we reverse and remand for further proceedings in case no. 85-4464 only.
On remand the court may again deny Iott’s motion for postconviction relief if it finds that the record refutes his claim. In that event, the court shall attach to its order of denial those portions of the record which support its decision. Alternatively, the court may conduct an evidentiary hearing to determine the merits of the claim.
*888 Affirmed in part, reversed in part and remanded.
RYDER, A.C.J., and PARKER and BLUE, JJ., concur.