STEVENSON, Judge.
Appellant, Shawn Inmon, appeals the denial of his motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a) alleging that he was not sentenced in accordance with sentencing guidelines because of a scoresheet error. We reverse and remand, for resentencing because, as the state concedes and we agree, the sentencing scoresheet had been improperly calculated and the error affected the guidelines range.
Appellant was convicted in two separate eases of extortion and tampering with evir dence and was sentenced to two years of community control on each case to run concurrently. He subsequently violated his community control and was sentenced to new community control terms. He then violated *1167 Ms new community control and was sentenced to seven years in prison for extortion and five years in prison for tampering with evidence, each to run concurrently.
The incorrect seoresheet, which the trial court used at sentencing, provided for a permitted sentencing range of 3½ to 7 years. The seoresheet had erroneously been calculated as if the primary offense at conviction was a category 9 offense rather than a category 4 offense and had improperly scored points for victim injury. If properly scored, appellant’s seoresheet would have reflected a total of 141 points with a permitted range of up to 3½ years incarceration.
Because of Ms second violation of probation, appellant’s sentence could have been “bumped-up” two cells, allowing for a permitted sentence range of 2⅛ to 5½ years incarceration. See Williams v. State, 594 So.2d 273 (Fla.1992) (in cases where there are multiple violations of probation, the sentences may be bumped up one cell or guideline range for each violation). However, bump ups for violation of probation are not mandatory but discretionary with the judge. See State v. Roa, 599 So.2d 995 (Fla.1992). Appellant’s sentence of seven years on the extortion charge exceeded the permitted range with or without a bump up; the sentence of five years for tampering with the evidence would be appropriate only with a bump up.
The trial court’s sentencing order is silent on the issue of bump ups and the seoresheet was calculated specifically without violation of probation bump ups. Because we cannot determine from the record whether the trial court intended to include a bump up, we remand to give the trial court an opportu-mty to express whether it wants to sentence appellant with or without the bump up. See, e.g., Sequoia v. State, 624 So.2d 381 (Fla. 4th DCA 1993), rev. denied, 634 So.2d 626 (Fla. 1994) (although a trial court has the authority to impose any sentence it might have imposed plus a bump up, it should be given an opportumty to express its intent clearly); Logan v. State, 619 So.2d 350, 351 (Fla. 2d DCA 1993) (even though a trial court could bump up a defendant on resentencing, thus giving him the same sentence as before, it cannot be presumed that a trial court would impose the same sentence had the seoresheet errors been brought to its attention).
Reversed and remanded for resentencing.
GUNTHER and KLEIN, JJ., concur.