PER CURIAM.
Appellant, Peter James Jones, appeals the order of the trial court revoking probation. We find no error as to the revocation. We reverse and remand the sentence, however, as the trial court failed to give appellant credit for prison time previously served in violation of Tripp v. State, 622 So.2d 941 (Fla.1993). See also State v. Summers, 642 So.2d 742 (Fla.1994).
In addition, the trial court stated that it was imposing a departure sentence as a result of the violation when it reimposed the original nine-year sentence and also imposed an additional nine-year consecutive sentence. The trial court is limited to a one-cell bump-up for each violation of probation. See Williams v. State, 594 So.2d 273 (Fla.1992). The sentence imposed appears to exceed the maximum sentence authorized by Williams. Because the trial court did not give a valid reason for departure, the sentence must be vacated.
Accordingly, we affirm the revocation of probation, but reverse and remand the sentence with directions to the trial court to give appellant credit for time previously served and to resentence appellant according to the guidelines and a one-cell bump for each violation of probation.
BOOTH, WOLF and MICKLE, JJ., concur.