PER CURIAM.
Appellant, Walter Lee Lewis, appeals an order revoking his community control in three separate cases, and sentencing him to ten years imprisonment. Although we find no error in the revocation of community control, we reverse and remand for resentenc-ing.
Appellant pleaded guilty in three separate cases to charges involving battery on a law enforcement officer, resisting an officer, and disorderly conduct. In May of 1993, he was sentenced concurrently in all three cases to one year of community control, and ordered to participate in an anger control program. Thereafter, the court reduced the cost of supervision for appellant’s community control.
In November of 1993, an affidavit of violation of community control was filed against appellant, alleging that he was one month in arrears on supervision costs, and that he had been charged in a new case involving battery on a law enforcement officer and resisting an officer with violence. At the community control hearing, the appellant argued that he had not violently resisted arrest, contending that a debilitating arm injury prevented him from violently resisting the officers.
We do not disturb the trial court’s determination that the defendant committed the crimes of resisting an officer and battery on a law enforcement officer. However, we do find that the trial court erred in sentencing the appellant.
An order of revocation of community control must conform to the findings made by the trial court at the community control revocation hearing. Cushion v. State, 637 So.2d 2 (Fla. 3d DCA 1994). Here, the trial court erred in listing failure to pay the costs of supervision in the order revoking community control, because the trial court did not make an oral finding that the appellant had violated his probation by not paying these costs.
The trial court also erred in elevating appellant’s sentence four cells because the record reflects only two successive violations of community control, and thus only a two cell departure was justified. See Mullins v. State, 622 So.2d 582 (Fla. 5th DCA 1993); Warrender v. State, 617 So.2d 829 (Fla. 1st DCA 1993); Smith v. State, 605 So.2d 1002 (Fla. 1st DCA 1992).
Finally, the written sentence of five years on count V in circuit court case number 92-32551, must be corrected to conform with the *286 court’s oral pronouncement ordering that sentence be suspended. See Brown v. State, 599 So.2d 225 (Fla. 1st DCA 1992); Walls v. State, 596 So.2d 811 (Fla. 4th DCA 1992); McDonald v. State, 537 So.2d 185 (Fla. 1st DCA 1989).
The order revoking community control is affirmed, however the trial court is instructed on remand to modify the order striking the finding that the defendant failed to pay the cost of supervision. The ten year sentence imposed is reversed, and the cause is remanded to the trial court with directions to impose a suspended sentence on count V in case number 92-32551, and to resentence the defendant on the remaining counts to no more than seven years imprisonment, a two cell sentencing guidelines departure.
Affirmed in part; reversed in part and remanded for resentencing.