SHAHOOD, Judge.
Appellant raises three issues on appeal. We affirm the trial court on the first two issues without comment. Appellant alleges as his third issue error by the trial court in sentencing him to a term in excess of that permitted by the sentencing guidelines. The state concedes error. We agree, and remand for resentencing.
Appellant’s sentencing guidelines score-sheet (case number 92-1443) reflected a recommended sentence of “ANSPS” (any nonstate prison sanction), and a permitted sentence of “up to 22 months incarceration.” Appellant had on two separate occasions violated probation or community control, thus authorizing a two-cell bump up without the necessity of written reasons of justification. See Williams v. State, 594 So.2d 273 (Fla. 1992); Mullins v. State, 622 So.2d 582 (Fla. 5th DCA 1993); Thomas v. State, 622 So.2d 564 (Fla. 1st DCA 1993).
With the two-cell bump up, appellant could have been sentenced within the permitted range of community control or one to four and one-half years’ incarceration. Thus, the sentence imposed by the court of five years in prison exceeded the permitted guidelines range.
Because appellant’s sentence was outside the range of even a two-cell bump up, we remand with directions that his sentence be limited to four and one-half years, which is the maximum permitted under the guidelines. See Williams.
AFFIRMED IN PART; REMANDED WITH DIRECTIONS.
WARNER and FARMER, JJ., concur.