770 So.2d 277 (2000)
Dwaynes MARRS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-4204.
District Court of Appeal of Florida, Fourth District.
November 1, 2000.
*278 Richard L. Jorandby, Public Defender, and Sophia Letts, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
In August, 1994, appellant pled guilty to lewd conduct in the presence of a child and lewd assault. He was placed on five years of probation with special conditions.
In November, 1994, appellant pled guilty to violating his probation. He was placed on eighteen months of community control followed by three years of probation.
In November, 1995, appellant pled guilty to violating his community control. He was placed on five years of probation, with one year of community control II as a special condition of probation.
On April 30, 1999, an affidavit of violation of probation was filed. After a final violation of probation hearing, the trial court found that appellant had willfully violated his probation "by being alone, unsupervised with his 12-year-old daughter."
On November 24, 1999, the trial judge sentenced appellant to two concurrent nine year prison sentences, with 497 days credit for time served. The sentencing guidelines scoresheet upon which the sentence was based provided for a three grid bump up because the case involved a third violation of probation. Additionally, while the scoresheet prepared at the time of the August, 1994 plea conference did not assess points for victim injury, the November, 1999 scoresheet indicated twenty points for victim injury.
We find no error in the trial court's determination that appellant violated his probation. See Glee v. State, 731 So.2d 759, 760 (Fla. 4th DCA 1999); Steiner v. State, 604 So.2d 1265, 1267 (Fla. 4th DCA 1992). Whether appellant willfully or intentionally violated a condition of his probation is a question of fact; an appellate court may reverse only where it finds an abuse of discretion in the trial court's factual determination. See Robinson v. State, 689 So.2d 1147, 1149 (Fla. 4th DCA 1997). Appellant has demonstrated no such abuse in this case.
There was no error in the three cell bump up on the scoresheet prepared for sentencing, one for each of the three probation/community control violations. See Wells v. State, 668 So.2d 1111, 1112 (Fla. 4th DCA 1996). Appellant argues that if a trial court does not add a cell directly after finding a probation violation, the trial court forfeits the ability to add that cell after a subsequent violation. This argument is contrary to case law. In Wells, we authorized a two cell bump up when the defendant "had on two separate occasions violated probation or community control." Id. The policy allowing trial courts to impose bump ups for all earlier violations of probation encourages trial judges to give probationers "a second or even a third chance" at probation or community control and penalizes those who fail to take advantage *279 of the opportunity. Williams v. State, 594 So.2d 273, 275 (Fla.1992).
We agree that the trial court erred in utilizing a scoresheet that indicated twenty points for victim injury, where no points for victim injury were noted on the scoresheet originally prepared for the sentencing in 1994. This issue was not fully explored at sentencing. We remand the case to permit the trial court to conduct a hearing on the extent of actual injury and to assess victim injury points if appropriate. See Landeverde v. State, 769 So.2d 457 (Fla. 4th DCA 2000); Merkt v. State, 764 So.2d 865, 866-67 (Fla. 4th DCA 2000); Echols v. State, 660 So.2d 782, 785 (Fla. 4th DCA 1995).
Affirmed in part, reversed in part, and remanded for resentencing, if appropriate.
GUNTHER, FARMER and GROSS, JJ., concur.