PLEUS, J.
Bradley Smith appeals the trial court’s order which summarily denied his Rule 3.800(a) motion. We affirm. •
Smith’s motion claims that his sentence is illegal because the trial court improperly imposed a three cell “bump-up” in his guideline scoresheet. Smith claims he should have received only a two-cell bump instead, as he allegedly violated his probation on two occasions, not three.
Smith is not entitled to the relief requested by using a Rule 3.800(a) motion. His claim is beyond the scope of Rule 3.800(a) because the number of times that a defendant violates probation is not readily ascertainable from the face of a written sentence. In any event, Smith’s claim is conclusively refuted by the attachments to the trial court’s order, which reflect that Smith does, in fact, have three separate violations of probation in his criminal history. Under Williams v. State, 594 So.2d 273 (Fla.1992), a defendant’s permitted sentencing range may be bumped up one cell for each violation of probation when there have been multiple violations.
AFFIRMED.
HARRIS and PALMER, JJ., concur.