985 So.2d 1192 (2008)
Calvin ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-2069.
District Court of Appeal of Florida, Fourth District.
July 9, 2008.
*1193 Carey Haughwout, Public Defender, and John M. Conway, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
DAMOORGIAN, J.
Calvin Robinson appeals his consecutive thirty-year sentences for two counts of sexual battery by a person eighteen years or older on a person less than twelve years of age. We reverse because the trial court upon re-sentencing, failed to conduct an evidentiary hearing before adding victim injury points to Robinson's sentencing scoresheet. We affirm in all other respects.
Although the trial court may assess "victim injury" points after the revocation of probation where it did not assess them in the original sentence scoresheet, it may only do so after conducting an evidentiary hearing that establishes facts supporting the nature and extent of the victim's injury. See Aponte v. State, 810 So.2d 1008, 1011-12 (Fla. 4th DCA 2002); Marrs v. State, 770 So.2d 277, 279 (Fla. 4th DCA 2000). In this case, the trial court erred in failing to conduct such a hearing.[1]
Additionally, the trial court's error in assessing the victim injury points was not harmless because the record does not conclusively show that the trial court would have imposed the same sentence if no error had been committed. See State v. Anderson, 905 So.2d 111, 112 (Fla.2005) (for a sentencing calculation to constitute harmless error the record must conclusively show[] that the same sentence would have been imposed using a correct scoresheet).
On remand, the trial court may either re-sentence Robinson without assessing victim injury points or hold an evidentiary hearing to determine the nature and extent of the victim's injury in order to assess victim injury points.
Affirmed In Part, Reversed In Part, And Remanded
SHAHOOD, C.J., and KLEIN, J., concur.
NOTES
[1] Originally, Robinson was assessed 487 points. On re-sentencing Robinson was assessed 527 points because the court added 40 victim injury points. Under Rule 9.388(b), scores falling in the range of 487-546 have a recommended penalty of 22-27 and permitted sentence of 17-40 years.