KLEIN, Judge.
Appellant was, as a result of one trial, convicted of five separate charges of indirect criminal contempt. The trial court sentenced him to five months, twenty-nine days in the county jail for each contempt, with the sentences to run consecutively. He argues, among other things, that he was unconstitutionally deprived of a jury trial, and we agree.
Appellant, while incarcerated, has abused Florida’s judicial system, by filing frivolous appeals relating primarily to prison conditions. As a result this court has limited him to appealing criminal convictions unless he pays the filing fee or is represented by a member of the Florida Bar. Attwood v. State ex rel. Florida Dep’t of Corrections, 660 So.2d 358 (Fla. 4th DCA 1995). The Florida Supreme Court has taken similar action. Attwood v. Singletary, 661 So.2d 1216 (Fla.1995). See also Attwood v. Singletary, 659 So.2d 1127 (Fla. 2d DCA), rev. denied, 663 So.2d 628 (Fla.1995).
Following a ease management conference, appellant was directed by a written order of the trial court to not file any new cases related to prison conditions. Appellant violated that order by filing six cases, resulting in these actions for indirect criminal contempt. Attwood requested a jury trial; however, he did not receive one. He was tried before the court in a single proceeding on the six separate eases for the six filings, and found guilty on five. He was acquitted on the sixth because the court accepted appellant’s contention that one of the filings was merely an attempt to amend an existing complaint, which did not violate the case management order.
Appellant has raised nine issues on appeal. One of the issues, relating to his right to a trial by jury, has merit.
Defendants in state criminal trials are, through the Fourteenth Amendment, guaranteed the Sixth Amendment right to a jury trial. Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). The Court has determined that crimes which can result in a sentence of more than six months are “serious,” entitling defendant to a jury *272 trial, while those carrying a sentence of less than six months are “petty” and do not. Frank v. United States, 395 U.S. 147, 149, 89 S.Ct. 1503, 1505-06, 23 L.Ed.2d 162 (1969). The Court has applied that distinction in criminal contempt cases. Bloom v. Illinois, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968).
In Aaron v. State, 345 So.2d 641, 643 (Fla.), cert. denied, 434 U.S. 868, 98 S.Ct. 208, 54 L.Ed.2d 146 (1977), the defendant argued, after being given a four month sentence for criminal contempt, that he was entitled to a jury trial in Florida; however, the Florida Supreme Court rejected his argument and adopted the six month period established by the United States Supreme Court, finding that to be a “moderate compromise solution which places a limitation on the common law inherent power of the trial judge but reserves to him sufficient authority to assure the proper administration of justice.”
One of the cases relied on by the Florida Supreme Court in Aaron was Codispoti v. Pennsylvania, 418 U.S. 506, 94 S.Ct. 2687, 41 L.Ed.2d 912 (1974). In Codispoti, as in the present case, multiple sentences, each less than six months, were imposed consecutively. In Codispoti the court reiterated what it had said in Bloom:
[Cjriminal contempt is a crime in every fundamental respect.... (I)n terms of those considerations which make the right to jury trial fundamental in criminal eases, there is no substantial difference between serious contempts and other serious crimes. Indeed, in contempt cases an even more compelling argument can be made for providing a right to jury trial as a protection against the arbitrary exercise of official power. Contemptuous conduct, though a public wrong, often strikes at the most vulnerable and human qualities of a judge’s temperament. Even when the contempt is not a direct insult to the court or the judge, it frequently represents a rejection of judicial authority, or an interference with the judicial process or with the duties of officers of the court.
Codispoti, 418 U.S. at 516, 94 S.Ct. at 2693.
The Codispoti court then continued:
In the case before us, the original trial judge filed the contempt charges against these petitioners, while another judge tried them and imposed the sentences. Because the latter had the power to impose consecutive sentences, as he did here, guilt or innocence on the individual charges bore heavily on the ultimate sentence and was of critical importance. Here the con-tempts against each petitioner was (sic) tried seriatim in one proceeding, and the trial judge not only imposed a separate sentence for each contempt but also determined that the individual sentences were to run consecutively rather than concurrently, a ruling which necessarily extended the prison term to be served beyond that allowable for a petty criminal offense. As a result of this single proceeding, Codispoti was sentenced to three years and three months for his seven contemptuous acts, Langnes to two years and eight months for his six contempts. In terms of the sentence imposed, which was obviously several times more than six months, each contem-nor was tried for what was equivalent to a serious offense and was entitled to a jury trial.
418 U.S. at 516, 94 S.Ct. at 2693.
The Court, rejecting the state’s argument that each separate offense was petty, not serious, responded .that “the salient fact remains that the contempts arose from a single trial, were charged by a single judge, were tried in a single proceeding.” Id. at 516, 94 S.Ct. at 2693.
Although the contempts in the present case did not arise from defendant’s conduct in a single trial, the contempts were charged by one judge, were tried in a single proceeding, and all arose from the violation of the same case management order. The fact that the contemptuous acts in this case did not occur during a trial, but rather as separate violations of a court order prohibiting the filing of additional law suits, is not, in our opinion, a significant distinction.
Fortunately the Codispoti court recognized that its conclusion could seriously hamper trial judges in keeping order in the courtroom during a trial where there was *273 repeated misbehavior, and carved out an exception where the contemnor is summarily tried during the trial. Under those circumstances, the Court permits trial judges to mete out separate sentences for separate acts, to be served consecutively and thus exceed six months, without requiring a jury trial. The court found that this would be necessary to “maintain order in the courtroom and the integrity of the trial process in the face of an ‘actual obstruction of justice’,” citing In re McConnell, 370 U.S. 230, 235-36, 82 S.Ct. 1288, 1292, 8 L.Ed.2d 434 (1962). The court explained that when the trial judge waits until the trial is over to try the contempt, however, “there is no overriding necessity for instant action to preserve order and no justification for dispensing with the ordinary rudiments of due process.” Codis-poti at 513-14, 94 S.Ct. at 2692.[1]
We therefore conclude that appellant is entitled to a jury trial and reverse.
GUNTHER, C.J., and WARNER, J., concur.

. In Lewis v. U.S.,—U.S.—, 116 S.Ct. 2163, 135 L.Ed.2d 590 (1996), the Court discussed Codispoti, but did not overrule it. It distinguished criminal contempt from misdemeanors and held that there is no right to jury trial for a defendant prosecuted in a single proceeding for multiple misdemeanors, where the aggregate prison term exceeds six months. Codispoti, and Aaron, both of which involved criminal contempt, are controlling here.