GRIFFIN, J.
The juvenile petitioner has filed a Petition for Writ of Habeas Corpus, asserting entitlement to immediate release from secure detention, challenging an order of the trial court finding five instances of criminal contempt and imposing a total sentence of forty-five days. The petitioner asserts that pursuant to section 985.037, Florida Statutes (2007), and J.D. v. State, 954 So.2d 93 (Fla. 5th DCA 2007), the trial court was prohibited from imposing consecutive periods of detention for the separate findings of contempt. We disagree and deny the petition.
On April 15, 2008, five different show cause orders issued against petitioner in three separate cases arising out of multiple failures to appear. A contempt hearing was held six days later, on April 21, 2008, on all of the five orders. After determining the petitioner was in direct contempt for five separate violations of court orders, the trial court sentenced her to five days of secure detention to run consecutively on three of the orders (failure to appear for arraignments scheduled for December 21, 2007, January 4, 2008, and January 18, 2008, in case nos. CJ07-8591, CJ07-8926 and CJ07-4847), because they were deemed the “first offense” for each respective case. The court then sentenced her to two consecutive fifteen-day sentences for the two subsequent contempts (failure to appear at trial in case nos. CJ07-8591 and CJ07-8926 and failure to remain for a hearing in case nos. CJ07-8591, CJ07-8926 and CJ07-4847), which were determined to be “second offenses.”
Consequently, the petitioner filed the instant petition, claiming she is entitled to immediate release due to impermissible stacking of the sentences. She relies on this Court’s decision in J.D., 954 So.2d 93, which held that consecutive fifteen-day sentences for five separate violations of a “behavior order” violated the statutory limitations on juvenile sentences. See § 985.216, Fla. Stat. (2007). The State responded that the sentences imposed are permissible, distinguishing this case from the facts of J.D., and contending that this case is more factually in line with the First District’s case, K.Q.S. v. State, 975 So.2d 536 (Fla. 1st DCA 2008). We agree with the State that J.D. does not apply here.
Unlike J.D., which involved the juvenile’s multiple violations of a single “behavior order,” the petitioner in this case was held in direct contempt of court, based on five different show cause orders arising from multiple failures to appear in three different cases. As the State maintains, the situation in J.D. was akin to a defendant’s violation of several different conditions of a probation order for which one revocation is imposed; this case involves discrete instances of contempt.
The First District in K.Q.S. opined that, “[although section 985.037 limits a sentence for a second or subsequent offense to fifteen days, nothing in the statute states that multiple instances of direct contempt cannot be separately punished with consecutive sentences of fifteen days confinement for each offense. In fact, the statute specifically states that a sentence of fifteen days may be imposed for a ‘second or subsequent’ offense.” K.Q.S., 975 So.2d at 537. We agree with K.Q.S. as it pertains *653 to these facts.[1]
Because the trial court was not prohibited from imposing consecutive terms of secure detention for multiple instances of direct contempt of court, pursuant to section 985.037, the petitioner has no right to immediate release.
PETITION DENIED.
PLEUS and LAWSON, JJ., concur.

. Interestingly, the court in K.Q.S. states that its holding is “contrary” to this court's in J.D. K.Q.S., 975 So.2d at 537. We do not see the conflict.