ORFINGER, J.
M.P., a child, appeals the trial court’s order finding her in contempt of court and sentencing her to five days in secure detention, three of which were suspended, followed by a consecutive term of fifteen days in secure detention, all of which was suspended. M.P. contends that the trial court’s sentence violates the limitations of section 985.037(2), Florida Statutes (2007). We agree and reverse.[1]
M.P. violated the terms of her juvenile probation order in multiple ways. As a result, the trial court issued four orders to show cause, each alleging a different violation of the same probation order. At the hearing on the orders to show cause, the court consolidated the four orders, and thereafter, treated the matter as if there were two orders to show cause, each alleging two separate violations of the same probation order. M.P. did not dispute the violations; rather she argued that she could only receive a single five-day placement in secure detention pursuant to the *1267 limitations set forth in section 985.037(2), governing the punishment of juveniles for contempt of court. ■ That section provides:
A child may be placed in a secure facility for purposes of punishment for contempt of court if alternative sanctions are unavailable or inappropriate, or if the child has already been ordered to serve an alternative sanction but failed to comply with the sanction. A delinquent child who has been held in direct or indirect contempt may be placed in a secure detention facility not to exceed 5 days for a fírst offense and not to exceed 15 days for a second or subsequent offense.
§ 985.037(2), Fla. Stat. (2007)[2] (emphasis added).
We addressed a similar situation in J.D. v. State, 954 So.2d 93 (Fla. 5th DCA 2007). In J.D., we held that consecutive placements in secure detention for multiple violations of a single behavior order violated the statutory limitations set forth in section 985.037(2). J.D. -made clear that multiple violations of a single order are treated differently than “multiple probation violations” as that term was defined in Williams v. State, 594 So.2d 273, 274 n. 3 (Fla.1992). In Williams, the supreme court defined “multiple probation violations” as “successive violations which follow the reinstatement or modification of probation rather than the violation of several conditions of a single probation order.” Id. That is not the situation here. In this case, we deal with several violations of a single probation order and not “multiple probation violations.” In the former situation, consecutive placements are not permitted for a first offense, while in the latter, such placements are authorized.
We are not unmindful of the challenges faced daily by judges dealing with uncooperative juveniles. However, the Legislature has expressly limited the use of secure detention to punish recalcitrant juveniles. As the Third District said in B.M. v. Dobuler, 979 So.2d 308, 312 (Fla. 3d DCA 2008):
Florida’s juvenile justice system is— for better or worse — a creature of statute. See §§ 985.01-.807, Fla. Stat. (2007). This arrangement imposes a unique set of limitations on the ability of the circuit judges in this state to control juvenile delinquents. While the circuit judges of this state have a panoply of inherent powers to impose restraints on recalcitrant adult criminal defendants, the power of those same judges to detain a child respondent in a juvenile proceeding conducted pursuant to chapter 985 of the Florida Statutes is strictly limited by law. R.G. [v. State, 817 So.2d 1019, 1020 (Fla. 3d DCA 2002) ].
As we did in J.D., we conclude that M.P.’s consecutive placements in secure detention for multiple violations of a single probation order violate the provisions of section 985.037(2). Accordingly, we affirm the court’s adjudication of contempt, but reverse the disposition order and remand for correction of sentence. In the event that M.P. was restored to probation after her release from secure detention, any future violation would be considered a “second or subsequent offense” and could subject her to a fifteen-day placement in secure detention.
AFFIRMED in part; REVERSED in part; REMANDED for correction of sentence.
LAWSON, J., concurs in result, with opinion.
SAWAYA, J., dissents, with opinion,

. We reject without comment the State’s argument that the issue was not preserved.

. Prior to January 1, 2007, section 985.037 was numbered 985.216.