CRENSHAW, Judge.
J.M. filed a petition for writ of habeas corpus contending that his consecutive placements in secure detention for two separate violations of a juvenile probation order that were adjudicated in a single hearing are not authorized pursuant to section 985.037(2), Florida Statutes (2010). This claim is cognizable in a habeas proceeding. See S.P. v. State, 985 So.2d 651 (Fla. 5th DCA 2008). We denied the petition by order, and this opinion follows. In denying the petition, we certify conflict with M.P. v. State, 988 So.2d 1266 (Fla. 5th DCA 2008).
J.M. was placed on juvenile probation on October 13, 2010. On October 25, 2010, the circuit court filed the first, second, and third orders to show cause. In the first, J.M. was ordered to show cause why he should not be held in indirect criminal contempt for failing to follow the order of probation by violating curfew on October 15, 2010. The second order was directed to an October 16, 2010, violation of curfew, and the third was directed to an October 16, 2010, failure to obey household rules. At a November 8, 2010, hearing, J.M. pleaded guilty to all three charges. On that same date, the circuit court placed J.M. in secure detention for five days for the first offense of indirect criminal contempt. However, on November 10 the circuit court placed J.M. in fifteen days’ secure detention for the second offense. The second period of secure detention was not to commence until the first period had expired.
Section 985.037, governs direct and indirect contempt of court in juvenile justice cases. Subsections (1) and (2) read as follows:
(1) CONTEMPT OF COURT; LEGISLATIVE INTENT. — The court may punish any child for contempt for interfering with the court or with court administration, or for violating any provision of this chapter or order of the court relative thereto. It is the intent of the Legislature that the court restrict and limit the use of contempt powers with respect to commitment of a child to a secure facility. A child who commits direct contempt of court or indirect contempt of a valid court order may be taken into custody and ordered to serve an alternative sanction or placed in a secure facility, as authorized in this section, by order of the court.
(2) PLACEMENT IN A SECURE FACILITY. — A child may be placed in a secure facility for purposes of punishment for contempt of court if alternative sanctions are unavailable or inappropriate, or if the child has already been ordered to serve an alternative sanction but failed to comply with the sanction. A delinquent child who has been held in direct or indirect contempt may be placed in a secure detention facility not to exceed 5 days for a first offense and not to exceed 15 days for a second or subsequent offense.
J.M. contends, pursuant to the Fifth District’s decisions in M.P. and J.D. v. State, 954 So.2d 93 (Fla. 5th DCA 2007), that section 985.037(2) allows the circuit court only to impose a single placement in secure detention when a juvenile simultaneously pleads guilty to more than one count of indirect criminal contempt based on serial violations of a probation order. The Fifth District in M.P. relied on its holding in J.D. The facts of M.P. are almost identical to the facts in the present case. M.P. was charged with two counts *1247 of indirect criminal contempt which were based on violations of a probation order. 988 So.2d at 1266. M.P. did not dispute the violations, but contended that section 985.037(2) only authorized the imposition of a single five-day placement in secure detention. Id. at 1266-67. The circuit court, however, imposed five days’ secure detention with three days suspended followed by a consecutive term of fifteen days’ secure detention, all of which was suspended. Id. at 1266. The Fifth District reversed and remanded for correction of sentence holding that, pursuant to the statute, the circuit court could impose only a single term of five days’ secure detention. Id. at 1266-67. The court concluded that “[i]n the event that M.P. was restored to probation after her release from secure detention, any future violation would be considered a ‘second or subsequent offense’ and could subject her to a fifteen-day placement in secure detention.” Id. at 1267.
In reaching its decision, the M.P. court stated:
In J.D., we held that consecutive placements in secure detention for multiple violations of a single behavior order violated the statutory limitations set forth in section 985.037(2). J.D. made clear that multiple violations of a single order are treated differently than “multiple probation violations” as that term was defined in Williams v. State, 594 So.2d 273, 274 n. 3 (Fla.1992). In Williams, the supreme court defined “multiple probation violations” as “successive violations which follow the reinstatement or modification of probation rather than the violation of several conditions of a single probation order.” Id. That is not the situation here. In this case, we deal with several violations of a single probation order and not “multiple probation violations.” In the former situation, consecutive placements are not permitted for a first offense, while in the latter, such placements are authorized.

Id.

We disagree with the reasoning of the Fifth District in M.P. We agree with the reasoning of the First District in K.Q.S. v. State, 975 So.2d 536 (Fla. 1st DCA 2008), wherein the court stated:
Although section 985.037 limits a sentence for a second or subsequent offense to fifteen days, nothing in the statute states that multiple instances of direct contempt cannot be separately punished with consecutive sentences of fifteen days of confinement for each offense. In fact, the statute specifically states that a sentence of fifteen days may be imposed for a “second or subsequent” offense. We find that the plain meaning of the statute allows a trial court to impose a sentence of 15 days for each instance of contempt, consecutively if it so wishes.
Id. at 538. K.Q.S. was convicted of six counts of direct criminal contempt that were committed in the course of a profane tirade directed at the circuit court. However, section 985.037 does not distinguish between direct and indirect criminal contempt in regard to the punishment that the circuit court may impose, and we conclude that the First District’s analysis applies in the present case.
The Fifth District in M.P. analogized the violations of juvenile probation in that case to a revocation of probation proceeding in a criminal case. However, the proceeding in an alleged violation of criminal probation is generally initiated by the filing of an affidavit of violation of probation. See § 948.06(l)(d), Fla. Stat. (2010). It is not initiated by the filing of an order to show cause why the defendant should not be held in indirect criminal contempt. We do not agree with the Fifth District *1248 that the law regarding violations of criminal probation governs in this instance. Instead, we look to the law on indirect criminal contempt. We note that a trial court may, in a single proceeding, adjudicate a defendant guilty of multiple instances of indirect criminal contempt and may thereafter impose consecutive sentences for each conviction. See, e.g., Attwood v. State, 687 So.2d 271, 272 (Fla. 4th DCA 1997). We see nothing in section 985.037(2) that prohibits the circuit court from doing so in the present case. Accordingly, we deny the petition and certify conflict with the Fifth District’s opinion in M.P.
Petition denied.
KELLY and VILLANTI, JJ., Concur.