PER CURIAM.
This case is before the Court for review of the decision of the Second District Court of Appeal in J.M. v. Gargett, 53 So.3d 1245 (Fla. 2d DCA 2011). In its opinion, the Second District certified conflict with the decision of the Fifth District Court of Appeal in M.P. v. State, 988 So.2d 1266 (Fla. 5th DCA 2008). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. The decisions of the Second and Fifth Districts are in conflict as to the sanctions that may be imposed under section 985.037(2), Florida Statutes (2010), when a juvenile is found to be in indirect contempt of court for multiple violations of a single probation order. For the reasons set forth in this opinion, we approve the decision of the Second District in J.M. and disapprove the decision of the Fifth District in M.P.
STATEMENT OF THE CASE AND FACTS
Petitioner J.M., a juvenile, challenges the denial of his petition for writ of habeas corpus by the Second District Court of Appeal. The facts of the case were set forth as follows in the opinion of the Second District:
J.M. was placed on juvenile probation on October 13, 2010. On October 25, 2010, the circuit court filed the first, second, and third orders to show cause. In the first, J.M. was ordered to show cause why he should not be held in indirect criminal contempt[1] for failing to follow the order of probation by violating curfew on October 15, 2010. The second order was directed to an October 16, 2010, violation of curfew, and the third was directed to an October 16, 2010, failure to obey household rules. At a November 8, 2010, hearing, J.M. pleaded guilty to all three charges. On that same date, the circuit court placed J.M. in secure detention for five days for the first offense of indirect criminal contempt. However, on November 10 the circuit court placed J.M. in fifteen days’ secure detention for the second offense. The second period of secure detention *354 was not to commence until the first period had expired.
J.M., 53 So.3d at 1246.
On November 15, 2010, J.M. filed a petition for writ of habeas corpus in the Second District, arguing that his sentence was illegal under section 985.037, Florida Statutes (2010). The statute provides in pertinent part: “A delinquent child who has been held in direct or indirect contempt may be placed in a secure detention facility not to exceed 5 days for a first offense and not to exceed 15 days for a second or subsequent offense.” § 985.037(2), Fla. Stat. (2010).[2] In his habeas petition, J.M. cited M.P., 988 So.2d at 1266, in which the Fifth District Court of Appeal held that section 985.037 does not authorize a trial court to impose consecutive sentences of secure detention for multiple violations of a single probation order.
In its opinion denying relief, the Second District first acknowledged that the facts of M.P. were nearly identical to those in J.M.’s case. See J.M., 53 So.3d at 1246. In M.P., a juvenile was charged with two counts of indirect criminal contempt based on two violations of a single probation order. The trial court sentenced M.P. to five days’ detention for the first count, three of which were suspended, and fifteen days’ detention for the second count, which were fully suspended. See M.P., 988 So.2d at 1266. M.P. appealed, challenging her sentence as unauthorized by section 985.037. The Fifth District agreed with M.P. and reversed the trial court. In reaching its decision, the Fifth District cited Williams v. State, 594 So.2d 273 (Fla.1992), in which this Court defined “multiple probation violations” as “successive violations which follow the reinstatement or modification of probation rather than the violation of several conditions of a single probation order.” M.P., 988 So.2d at 1267 (quoting Williams, 594 So.2d at 274 n. 3). Based on Williams, the Fifth District reasoned that under section 985.037(2), the trial court was permitted to impose only a single sentence of five days’ detention for M.P.’s violation of the probation order. The Fifth District concluded, “In the event that M.P. was restored to probation after her release from secure detention, any future violation would be considered a ‘second or subsequent offense’ and could subject her to a fifteen-day placement in secure detention.” M.P., 988 So.2d at 1267.[3]
In J.M., the Second District disagreed with the Fifth District’s interpretation of section 985.037 and instead followed the decision of the First District in K.Q.S. v. State, 975 So.2d 536 (Fla. 1st DCA 2008), which likewise addressed the sanctions that may be imposed under section 985.037, Florida Statutes (2007). See J.M., 53 So.3d at 1247. The First District stated in K.Q.S.:
Although section 985.037 limits a sentence for a second or subsequent offense to fifteen days, nothing in the statute states that multiple instances of direct contempt cannot be separately punished with consecutive sentences of fifteen days of confinement for each offense. In fact, the statute specifically states that a sentence of fifteen days may be *355 imposed for a “second or subsequent” offense. We find that the plain meaning of the statute allows a trial court to impose a sentence of 15 days for each instance of contempt, consecutively if it so wishes.
975 So.2d at 538 (citation omitted).
The Second District further disagreed with the Fifth District that M.P., which involved a revocation of probation proceeding in a criminal case, applied to violations of juvenile probation. J.M., 53 So.3d at 1247. The Second District noted that proceedings concerning violations of criminal probation are initiated by the filing of an affidavit, whereas a juvenile contempt proceeding is initiated by an order to show cause as to why the juvenile should not be held in indirect criminal contempt. See J.M., 53 So.3d at 1247. The Second District concluded:
We do not agree with the Fifth District that the law regarding violations of criminal probation governs in this instance. Instead, we look to the law on indirect criminal contempt. We note that a trial court may, in a single proceeding, adjudicate a defendant guilty of multiple instances of indirect criminal contempt and may thereafter impose consecutive sentences for each conviction. See, e.g., Attwood v. State, 687 So.2d 271, 272 (Fla. 4th DCA 1997). We see nothing in section 985.037(2) that prohibits the circuit court from doing so in the present case.
Id. at 1247-48.
Accordingly, the Second District denied J.M.’s petition for writ of habeas corpus and certified conflict with the Fifth District’s decision in M.P., and J.M. subsequently filed a petition for review in this Court. We granted review, dispensing with oral argument pursuant to Florida Rule of Appellate Procedure 9.320. See J.M. v. Gargett, 58 So.3d 260 (Fla.2011).[4]
ANALYSIS
The issue presented in this case is whether section 985.037, Florida Statutes (2010), authorizes a trial court to sentence a juvenile to consecutive periods in a secure detention facility where the juvenile has committed multiple violations of a single probation order. The statute provides in relevant part:
(1) Contempt of eouH; legislative intent. — The court may punish any child for contempt for interfering with the court or with court administration, or for violating any provision of this chapter or order of the court relative thereto. It is the intent of the Legislature that the court restrict and limit the use of contempt powers with respect to commitment of a child to a secure facility. A child who commits direct contempt of court or indirect contempt of a valid court order may be taken into custody and ordered to serve an alternative sanction or placed in a secure facility, as authorized in this section, by order of the court.
(2) Placement in a secure facility. — A child may be placed in a secure facility for purposes of punishment for contempt of court if alternative sanctions are unavailable or inappropriate, or if the child *356 has already been ordered to serve an alternative sanction but failed to comply with the sanction. A delinquent child who has been held in direct or indirect contempt may be placed in a secure detention facility not to exceed 5 days for a first offense and not to exceed 15 days for a second or subsequent offense.
§ 985.037(l)-(2), Fla. Stat. (2010) (emphasis added).
Because the conflict between the district courts is limited to a pure question of statutory interpretation, this Court reviews the issue under the de novo standard of review. See Tillman v. State, 934 So.2d 1263, 1269 (Fla.2006) (citing Clines v. State, 912 So.2d 550, 555 (Fla.2005)), superseded by statute on other grounds, § 776.051(1), Fla. Stat. (2008). “In construing statutes, [this Court] first eonsider[s] the plain meaning of the language used. When the language is unambiguous and conveys a clear and definite meaning, that meaning controls unless it leads to a result that is either unreasonable or clearly contrary to legislative intent.” Id. (citations omitted).
In this case, we find that the Second District’s interpretation of section 985.037 is in accord with the clear language of the statute. Section 985.037(2) plainly states that “[a] delinquent child who has been held in direct or indirect contempt may be placed in a secure detention facility not to exceed 5 days for a first offense and not to exceed 15 days for a second or subsequent offense.” There is no ambiguity on the face of the statute; trial courts are explicitly authorized to sentence a juvenile to up to five days in secure detention for a first act of contempt, and up to fifteen days in secure detention for each additional act of contempt. As made clear in section 985.037(1), “indirect contempt of a valid court order” is among the “offense[s]” contemplated by subsection (2). Furthermore, each violation of the probation order constitutes a separate and distinct act of contempt. See R.M.P. v. Jones, 419 So.2d 618 (Fla.1982) (approving a trial court order adjudicating a child guilty of two counts of indirect criminal contempt where the child had violated two conditions of a previous court order), overruled on other grounds by A.A., 604 So.2d at 818-19. Thus, under section 985.037, a juvenile who violates a court order on multiple occasions — and in doing so commits several acts of indirect contempt — may be sentenced to up to five days’ secure detention for the first offense, and up to fifteen days’ secure detention for each second or subsequent offense. As the First District observed in K.Q.S., “nothing in the statute states that multiple instances of direct contempt cannot be separately punished with consecutive sentences of fifteen days of confinement for each offense.” 975 So.2d at 538.[5]
Moreover, the interpretation of the statute adopted by the Fifth District is contrary to the declared intent of the Legislature to authorize trial courts to “punish any child for contempt ... for violating any provision of this chapter or order of the court relative thereto.” § 985.037(1). The Fifth District’s decision in M.P. would effectively bar a trial court from sanctioning a juvenile for any violation of a probation order that has been committed before the juvenile has been sentenced for an initial violation. As the First District explained in K.Q.S.:
To hold otherwise would prohibit a trial judge from punishing individuals, such as the appellant, who repeatedly and *357 intentionally disparage the integrity of the court and interfere with the course and conduct of proceedings before it. A trial court would be powerless to impose more than twenty[6] days of secure detention, no matter how many acts of contempt were committed or how egregious they were.
Id. at 538.
CONCLUSION
For the reasons discussed above, we approve the decision of the Second District Court of Appeal denying petitioner J.M.’s petition for writ of habeas corpus. We disapprove the decision of the Fifth District Court of Appeal in M.P. to the extent that it is inconsistent with this opinion.
It is so ordered.
POLSTON, C.J., and LEWIS, CANADY, LABARGA, and PERRY, JJ., concur.
QUINCE, J., dissents with an opinion, in which PARIENTE, J., concurs.

. " 'Indirect' contempt occurs when the contemptuous act is committed outside the presence of the court.” A.A. v. Rolle, 604 So.2d 813, 814 n. 3 (Fla.1992) (citing Pugliese v. Pugliese, 347 So.2d 422, 425 (Fla.1977)), superseded by statute on other grounds, see G.S. v. State, 709 So.2d 122 (Fla. 5th DCA 1998). " ‘Direct’ contempt,” by contrast, "occurs when the act constituting the contempt is committed in the immediate presence of the court.” Id. at 814 n. 5.

. Chapter 985 defines a "[s]ecure detention center or facility” as "a physically restricting facility for the temporary care of children, pending adjudication, disposition, or placement.” § 985.03(47), Fla. Stat. (2010).

. In reaching its decision, the Fifth District followed its prior holding in J.D. v. State, 954 So.2d 93 (Fla. 5th DCA 2007), in which the court similarly held that it was error under section 985.216 for a trial court to impose consecutive sentences for multiple violations of a single probation order. Id. at 94 n. 2 (noting that section 985.216 was renumbered as section 985.037, effective Jan. 1, 2007).

. J.M. acknowledges in his Initial Brief that his sentence has long since been served in full. He argues, however, that the case should not be dismissed as moot because the conflict between the district courts will likely continue to result in inconsistent applications of section 985.037 in future cases. We agree. See Kight v. Dugger, 574 So.2d 1066, 1068 (Fla.1990) (explaining that even when a controversy between the parties has been rendered moot, this Court should nonetheless address the issue presented where it is “capable of repetition, yet evading review”) (quoting Honig v. Doe, 484 U.S. 305, 318, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988)).

. In the instant case, the maximum penalty allowable under the reasoning of M.P. would be five days. See J.M., 53 So.3d at 1247.