QUINCE, J.,
dissenting.
Because I conclude that J.M. committed only a single act of indirect contempt of court under section 985.037, Florida Statutes (2010), I respectfully dissent from the Court’s decision. In Williams v. State, 594 So.2d 273 (Fla.1992), this Court was called upon to determine whether multiple violations of probation by a criminal defendant could be used to justify a sentence that departed upward from that prescribed in the sentencing guidelines. In addressing the question, we explained that “[t]he use of the term ‘multiple probation violations’ in [the Court’s] opinion referred] to successive violations which follow the reinstatement or modification of probation rather than the violation of several conditions of a single probation order.” Id. at 274 n. 3. Thus, we recognized that the violation of a single probation order, even on multiple occasions, did not qualify as multiple offenses for the purposes of determining whether an enhanced sentence was permitted under the sentencing guidelines.
Below, the Second District distinguished Williams on the ground that Williams involved a violation of criminal probation, which is initiated by the filing of an affidavit, whereas the instant case involves indirect criminal contempt, which is initiated by an order to show cause. See J.M. v. Gargett, 53 So.3d 1245, 1247 (Fla. 2nd DCA 2011). This distinction, however, is immaterial to the issue of the number of violations committed. Here, J.M.’s violations all pertained to a single probation order. The “offense” — i.e., the act of indirect contempt for the purposes of section 985.037 — was the violation of the order. Prior to the “reinstatement or modification” of the order, Williams, 594 So.2d at 274 n. 3., J.M. could be found by the trial court to have committed only a single act of indirect criminal contempt. Because the violation of the order was a first offense, section 985.037 limited the trial court to imposing a maximum sentence of five days’ secure detention. Accordingly, the Second District erred in denying J.M.’s petition for writ of habeas corpus. I would therefore quash the decision of the Second District below and approve the decision of the Fifth District in M.P. v. State, 988 So.2d 1266 (Fla. 5th DCA 2008).
PARIENTE, J., concurs.