PER CURIAM.
Appellant, Pain Reduction Concepts, Inc., appeals a final judgment entered in favor of Appellee, Adam K. Frisbie, and argues that the trial court erred in determining that Mr. Frisbie resigned from Appellant on February 25, 2010, and that he did not breach his fiduciary duty to the corporation. For the reasons that follow, we agree that the trial court erred and, therefore, reverse the final judgment and remand for further proceedings.
Appellee Frisbie was a 49% stockholder, officer, and director of Appellant, which was in the business of providing pain reduction and edema control. Roger Bowers *13 was the 51% shareholder and also an officer and director. Bowers developed the business concept, and Frisbie handled the sales and marketing due to his contacts in the medical field. On February 25, 2010, the two men met at a restaurant for what Bowers thought would be a discussion about the direction of the company. During that meeting, Frisbie presented Bowers with a buy-out or stock purchase agreement. The agreement provided that Appellant would pay to Bowers 10% of its net earnings for five years in return for the sale of his stock and his agreement to serve as a training, managerial, or sales consultant to Appellant. Frisbie told Bowers that he had ten days within which to respond to the agreement, and the meeting ended. Bowers emailed Frisbie shortly thereafter expressing his frustration and his rejection of any offer that placed him in financial jeopardy. The two men had no other communication during the next ten days. On Friday, March 5, 2010, Frisbie mailed by signature mail a resignation letter to Bowers wherein he wrote in part, “Since we last spoke regarding my hesitancy to continue our partnership in [Appellant] it has become evident to me that you have no intention of working things out in the manner I suggested.” Frisbie stated that his resignation was “effective immediately.” The resignation letter was delivered to Bowers’ home in the afternoon on Monday, March 8, 2010. By that time, Frisbie had executed an agreement with Appellant’s sole supplier, formed his own corporation, Pain Science Solutions, Inc., contacted key customers, and was attempting to hire Appellant’s key employees. As found by the trial court, Appellant went from earning approximately $80,000 per month to earning $2,000 per month following Frisbie’s resignation. Appellant sued Frisbie in May 2010 for breach of fiduciary duty. The pretrial stipulation explained that Frisbie approached Bowers about taking control of Appellant, that Frisbie “subsequently resigned,” and that one of the two issues of fact that remained to be litigated was “[w]hen was the resignation effective, when it was tendered or when it was received.”
Following the bench trial on the issue of liability, the trial court entered an order finding no breach of fiduciary duty on Frisbie’s part and a final judgment in Fris-bie’s favor. In interpreting section 607.0842(1), Florida’s statute pertaining to the resignation of corporate officers, the trial court looked to Delaware case law interpreting Delaware’s corporate resignation statutes[1] as being permissive and not requiring resignation through a written document.[2] The trial court, in noting that section 607.0842(1) did not use the word “shall,” concluded that the statute was permissive rather than mandatory and that written notice should not be recognized as the exclusive method for officers or directors to disassociate themselves from their corporate duties and obligations. The court also determined that Mr. Fris-bie resigned during the February 25, 2010, meeting with Mr. Bowers because neither man could have retained any serious expectation that their business relationship would continue after the “confrontation.” The court concluded that Frisbie could not have breached any fiduciary duty based *14 upon any actions he took after February 25 with respect to the clients, suppliers, or employees of Appellant. This appeal followed.
The issue of statutory interpretation is a question of law reviewable de novo. J.M. v. Gargett, 101 So.3d 352, 356 (Fla.2012). In construing a statute, an appellate court must first consider the plain meaning of the language used. Id. When the language is unambiguous and conveys a clear and definite meaning, that meaning controls unless it leads to an unreasonable result or is clearly contrary to legislative intent. Id.
Section 607.0842(1), Florida Statutes (2009), provides that “[a]n officer may resign at any time by delivering notice to the corporation” and that “[a] resignation is effective when the notice is delivered unless the notice specifies a later effective date.” Section 607.0807, Florida Statutes (2009), provides that “[a] director may resign at any time by delivering written notice to the board of directors or its chair or to the corporation” and that “[a] resignation is effective when the notice is delivered unless the notice specifies a later effective date....” (Emphasis added). Although both provisions became effective in 1990, no Florida case has addressed either statute.
As used in chapter 607, which addresses the Florida Business Corporation Act, the terms “deliver” and “delivery” mean “any method of delivery used in conventional commercial practice, including delivery by hand, mail, commercial delivery, and electronic transmission.” § 607.01401(7), Fla. Stat. (2009). “Notice” under chapter 607 must be in writing unless oral notice is “[e]xpressly authorized by the articles of incorporation or the bylaws, and [is] [Reasonable under the circumstances.” § 607.0141(l)(a)-(b), Fla. Stat. (2009). Notice by electronic transmission constitutes written notice. § 607.0141(1), Fla. Stat. (2009). If chapter 607 prescribes notice requirements for particular circumstances, those requirements govern. § 607.0141(7), Fla. Stat. (2009).
Although the trial court was correct in noting that Florida courts may rely on Delaware law to construe Florida corporate law, we have also explained that Florida courts are tasked with giving statutory language effect without resort to any canon of construction, if possible. See Batur v. Signature Props, of Nw. Fla., Inc., 903 So.2d 985, 994 n. 18 (Fla. 1st DCA 2005). While the trial court is correct that the statutes do not provide that an officer or director “shall” resign by delivering notice, such language would place the emphasis on requiring resignation rather than on the necessary method of resignation if an officer or director chooses to resign. We conclude that Florida’s corporate resignation statutes, along with the statutory definitions of “deliver” and “notice,” clearly and unambiguously provide the methods of resignation for corporate officers and directors. As such, reliance on Delaware law in this context is unnecessary.
With respect to the facts of this case, Appellee Frisbie was both an officer and director of Appellant. As a director, Fris-bie had to deliver written notice to Appellant of his resignation pursuant to section 607.0807.[3] It is undisputed that the resignation letter was delivered to Bowers on *15 March 8, 2010. Pursuant to Florida’s resignation statutes, Frisbie’s resignation became effective on that date, not during the February 25 meeting and not when the resignation was mailed on March 5.
Accordingly, we REVERSE the final judgment and REMAND "with instructions that the trial court determine whether Ap-pellee Frisbie breached any fiduciary duty to Appellant prior to his resignation.[4]
CLARK, WETHERELL, and MAKAR, JJ., concur.

. See Del. Code Ann. tit. 8, § 141(b) ("Any director may resign at any time upon notice given in writing or by electronic transmission to the corporation.”); Del. Code Ann. tit. 8, § 142(b) ("Any officer may resign at any time upon written notice to the corporation.")

. See Gen. Video Corp. v. Kertesz, C.A. No. 1922-VCL, 2008 WL 5247120 (Del.Ch. Dec. 17, 2008); Dionisi v. DeCampli, No. 9425, 1995 WL 398536 (Del.Ch. June 28, 1995); Bachmann v. Ontell, No. 7805, 1984 WL 8245 (Del.Ch. Nov. 27, 1984).

. Although section 607.0842(1) pertaining to officer resignation does not specifically require the delivery of written notice, notice under chapter 607 must be in writing unless oral notice is expressly authorized by a corporation’s articles of incorporation or the bylaws and is reasonable under the circumstances. See § 607.0141(l)(a)-(b), Fla. Stat. (2009). Appellant’s articles of incorporation make no mention of notice, and its bylaws were not included in the record.

. Although not dispositive of our decision, we note that even if Frisbie had been able to orally resign from Appellant, competent, substantial evidence does not support the trial court's determination that he did so during the February 25, 2010, meeting with Bowers. Neither of the parties advocated for such a finding below. They instead acknowledged that the resignation occurred subsequent to the meeting. Moreover, this was not a situation like those addressed in the Delaware cases cited by the trial court where Frisbie told Bowers ’that he wanted nothing more to do with Appellant. Rather, Frisbie wanted to expand his role in the corporation.