CRENSHAW, Judge.
J.M.H. was adjudicated delinquent and placed on probation for battery. After violating her probation on numerous occasions, she was committed to the Department of Juvenile Justice for a period not to exceed 365 days — the same period of time as the maximum sentence had the offense been committed by an adult. See *693 § 784.03(l)(a), Fla. Stat. (2011). During the pendency of the probation proceedings, J.M.H. was cited for indirect criminal contempt for violating her curfew, school tardiness and lack of attendance, and a positive drug test. The trial court issued a number of orders to show cause relating to J.M.H.’s actions. The court then ordered J.M.H. to serve time in secure detention for contempt. J.M.H. now appeals the order partially denying her motion to correct disposition, asserting that the trial court should have granted credit for time served in secure detention on her indirect contempt charges. We affirm the partial denial of her motion to correct disposition but remand for the trial court to enter the specific number of days to be credited regarding the portion of the motion that was granted.
The trial court did not err in denying J.M.H. credit for time served in secure detention for J.M.H.’s contempt charges. This case is similar to J.M. v. Gargett in which the trial court sentenced a minor to consecutive sentences for successive acts of indirect contempt following the violation of a single order of probation. 53 So.3d 1245 (Fla. 2d DCA 2011), approved) 101 So.3d 352 (Fla.2012). Upon review of this court’s decision, the supreme court noted that “each violation of the probation order constitutes a separate and distinct act of contempt.” J.M., 101 So.3d at 356. The statutory scheme itself contemplates this exact situation and calls for trial courts to limit contempt sentences to five days for the first instance and fifteen days for each successive instance. See id. (discussing section 985.037, Florida Statutes (2010)).[1] Because each violation is a separate act of contempt, J.M., 101 So.3d at 356, and the trial court sentenced J.M.H. to consecutive sentences pursuant to statute, J.M.H. is not entitled to credit for time served for the contempt charges. The reverse is true for all the days spent in detention on the original offense, as the trial court’s order explicitly recognizes.
However, because the order on the motion to correct sentence fails to specify the specific number of days to be credited in accordance with Florida Rule of Juvenile Procedure 8.115(d), we remand for entry of the specific number of days only.
Affirmed and remanded with directions.
SILBERMAN, C.J., and NORTHCUTT J., Concur.

. The statute has not been amended since.