[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11520
Non-Argument Calendar
_____

D.C. Docket No. 6:09-cv-01667-GAP-DAB

EARNEST E. TILLMAN,

Plaintiff - Appellant,

versus

ORANGE COUNTY, FLORIDA
a political subdivision of the State of Florida, et al.,

Defendants,

TIMOTHY HENRIQUEZ,
individually and in his official capacity as
Deputy Sheriff of Orange County, FL,
ORANGE COUNTY SHERIFF'S OFFICE,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 17, 2013)

Before MARCUS, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Earnest Tillman, appearing pro se, appeals the district court's dismissal of his claims, arising under 42 U.S.C. § 1983 and under state law, against the Orange County Sheriff's Office; Sheriffs Kevin Beary and Jerry Demings; and Deputy Sheriffs Phillips Parks Duncan, Timothy Henriquez, Carlos Torres, Sylvester Herrera, and Donald Melville.  In his complaint, Tillman alleged that he was charged with aggravated battery on a law enforcement officer and resisting an officer with violence based on the falsified charging affidavits of Henriquez, Duncan, and Melville, and convicted based on the false trial testimony of Henriquez and Torres.  Although Tillman's conviction was initially affirmed in Tillman v. State, 807 So. 2d 106 (Fla. Dist. Ct. App. 2002), the Florida Supreme Court later quashed it, concluding that Florida law only made it criminal to resist an officer in an arrest situation, as opposed to an investigatory situation.  Tillman v. State (Tillman II), 934 So. 2d 1263 (Fla. 2006), superseded by statute, FLA. STAT. § 776.051(1), as recognized in J.M. v. Gargett, 101 So. 3d 352 (Fla. 2012). On remand, the state trial court found that the deputy sheriffs were not lawfully executing their legal duty at the time of Tillman's arrest, and Tillman's conviction and sentences were set aside for lack of probable cause to arrest and prosecute. Tillman then filed this lawsuit.

2

In this appeal, Tillman argues that the district court erred by: (1) dismissing his conspiracy to maliciously prosecute claim (against Henriquez, Duncan, Melville, and Torres) and his intentional infliction of emotional distress (IIED) claim (against all defendants) as time-barred; and (2) granting summary judgment against his malicious prosecution claim (against Henriquez) based on the preclusive effect of a conviction that was entirely set aside. The Appellees argue that the district court's dismissal of Tillman's conspiracy claim may be affirmed under the intracorporate conspiracy doctrine. After careful review, we affirm in part, and vacate and remand in part.

We review de novo the grant of a motion to dismiss, accepting as true the complaint's factual allegations and construing them in a light most favorable to the plaintiff. Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006). We also review the application of statutes of limitations de novo. Center for Biological Diversity v. Hamilton, 453 F.3d 1331, 1334 (11th Cir. 2006). And, we review de novo the district court's grant of summary judgment, applying the same standard as the district court. Burton v. Tampa Housing Auth., 271 F.3d 1274, 1276-77 (11th Cir. 2001). Finally, we review de novo a district court's legal conclusions about collateral estoppel. Richardson v. Miller, 101 F.3d 665, 667-68 (11th Cir. 1996).

First, we agree with Tillman that the district court erred in dismissing his conspiracy and IIED claims as time-barred. Although § 1983 provides a federal

cause of action, we look to the law of the state in which the cause of action arose to determine the length of the statute of limitations. Wallace v. Kato, 549 U.S. 384, 387 (2007). Florida has a four-year statute of limitations for personal-injury torts. Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003); Fla. Stat. § 95.11(3)(o)-(p). However, the accrual date of a § 1983 claim, from which the statute of limitations begins to run, is determined by federal law. Wallace, 549 U.S. at 388. Section 1983 accrual occurs when the plaintiff has a "complete and present cause of action" and can thus "file suit and obtain relief." See Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., 522 U.S. 192, 201 (1997) (quotation omitted).

For § 1983 claims that "necessarily imply the invalidity of [a] conviction or sentence," plaintiffs have no cause of action and cannot file suit until that conviction or sentence has been invalidated. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Heck thus institutes a rule of deferred accrual, "delay[ing] what would otherwise be the accrual date of a tort action until the setting aside of an extant conviction which success in that tort action would impugn." Wallace, 549 U.S. at 393 (emphasis omitted).

Whether a claim necessarily implicates the invalidity of a conviction is a "fact-specific question requiring careful review." Abusaid v. Hillsborough Cnty. Bd. of Cnty. Comm'rs, 405 F.3d 1298, 1315-17 n.9 (11th Cir. 2005); see Heck,

4

512 U.S. at 489-90 ("[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.").

As the record shows here, Tillman's complaint alleges that his conspiracy claim is based on a conspiracy to maliciously prosecute, a claim that benefits from the Heck rule of delayed accrual. Construing Tillman's pro se pleadings liberally, see Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), Tillman has also adequately alleged his IIED damages to be based on malicious prosecution. Because Heck prevented Tillman from bringing his conspiracy and IIED claims, both based on malicious prosecution, until the underlying conviction was reversed, the district court erred in dismissing Tillman's conspiracy and IIED claims as time-barred.

Nevertheless, we conclude that Tillman's conspiracy claim does not survive. The intracorporate conspiracy doctrine, under which "a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves," applies to § 1983 conspiracy claims. Grider v. City of Auburn, 618 F.3d 1240, 1260-61 (11th Cir. 2010) (quotation omitted). The intracorporate conspiracy doctrine also applies to public entities, like the Orange County Sheriff's Office, and its personnel. See id. at 1261. Because the subject of the alleged conspiracy in this case -- prosecution of

5

Tillman by false charges -- "involves job-related functions well within [their] scope of employment as police officers," Tillman's conspiracy to maliciously prosecute claim must be dismissed. See id. at 1261-62. Thus, the district court did not err in dismissing Tillman's conspiracy claim. See Bircoll v. Miami-Dade Cnty., 480 F.3d 1072, 1088 n.21 (11th Cir. 2007) (holding that we may affirm the district court's decision on any grounds supported by the record).

Next, we hold that the district court's dismissal of the IIED claim can only be affirmed as to certain defendants. As a federal court assessing a state-law claim, we look to Florida law to determine the elements of intentional infliction of emotional distress. Lopez v. Target Corp., 676 F.3d 1230, 1235-36 (11th Cir. 2012). To state an IIED claim under Florida law, a plaintiff must allege (1) deliberate or reckless infliction of mental suffering, (2) outrageous conduct that (3) caused the emotional distress, and (4) that the distress was severe. Liberty Mutual Ins. Co. v. Steadman, 968 So. 2d 592, 594 (Fla. Dist. Ct. App. 2007). For conduct to be sufficiently outrageous, it must be "so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Lopez, 676 F.3d at 1236 (quotation omitted). As a result, the IIED claim against Herrera must be dismissed because Tillman does not allege any conduct by Herrera related to emotional distress caused by malicious

6

prosecution.  Similarly, the dismissal of the IIED claim against Beary is affirmed because Tillman does not allege that Beary was present at his arrest or prosecution.

A government entity cannot be liable for the willful and wanton actions of its employees.  Fla. Stat. § 768.28(9); Ford v. Rowland, 562 So. 2d 731, 734 (Fla. Dist. Ct. App. 1990).  Police officers, like all witnesses, possess absolute immunity for their testimony at trial.  Briscoe v. Lahue, 460 U.S. 325, 342-345 (1982).  Thus, in this case, we affirm the dismissal of the IIED claim against the Orange County Sheriff's Office.  See Ford, 562 So. 2d at 734.  Tillman does not claim the district court improperly dismissed Demings from his suit, and we do not disturb this decision.  Additionally, the IIED claim against Torres cannot stand because the only remaining action upon which it can be based is his alleged false testimony at trial, conduct for which he is immune.  Briscoe, 460 U.S. at 342-45.

However, we do not believe that the dismissal of the IIED claim against Duncan, Melville, and Henriquez should be affirmed.  In his complaint, Tillman asserted that Henriquez, Duncan, and Melville gave false, consistent statements in their charging affidavits, leading to his malicious prosecution.  Because this allegation -- that police officers falsified charging documents in order to convict a man of a nonexistent crime -- is the type of extreme conduct considered to be intolerable in a civilized society, we remand this claim for reconsideration.

We also conclude that the grant of summary judgment against Tillman's malicious prosecution claim should be largely affirmed.  For  Tillman's  §  1983 malicious prosecution claim to survive summary judgment, the facts viewed in a light most favorable to Tillman must show "(1) the elements of the common law tort of malicious prosecution, and (2) a violation of [his] Fourth Amendment right to be free from unreasonable seizures."  Kingsland v. City of Miami, 382 F.3d 1220, 1234 (11th Cir. 2004).  Under Florida law, malicious prosecution has six elements: (1) an original judicial proceeding was commenced or continued; (2) the defendants were the legal cause of the proceeding; (3) the proceeding was terminated in the plaintiff's favor; (4) there was an absence of probable cause for the underlying proceeding; (5) there was malice on the part of the defendants; and (6) the plaintiff suffered damages as a result of the original proceeding.  Id.  On the motion for summary judgment, the district court ruled as to the fifth element, malice, and concluded that Tillman's previous conviction collaterally estopped him from proving this element.

Collateral estoppel, or issue preclusion, bars relitigation of an issue that has already been litigated and resolved in a prior proceeding.  Pleming v. Universal-Rundle Corp., 142 F.3d 1354, 1359 (11th Cir. 1998).  In considering whether to give preclusive effect to a Florida judgment, we apply Florida's law of collateral estoppel.  Vasquez v. Metro. Dade Cnty., 968 F.2d 1101, 1106 (11th Cir. 1992).

8

Under Florida law, collateral estoppel applies if (1) an identical issue is disputed; (2) that has previously been fully litigated; (3) by the same parties or their privies; and (4) a final decision has been rendered by an appropriate court. Quinn v. Monroe Cnty., 330 F.3d 1320, 1329 (11th Cir. 2003). Florida also permits "defensive collateral estoppel," which eliminates the mutuality of parties requirement if a criminal defendant is attempting to relitigate an essential issue from a separate criminal suit. Vasquez, 968 F.2d at 1106-07. "A judgment that has been vacated, reversed, or set aside on appeal is thereby deprived of all conclusive effect . . . ." Kobatake v. E.I. Dupont de Nemours & Co., 162 F.3d 619, 624 (11th Cir. 1998) (quotation omitted); see also Quarles v. Sager, 687 F.2d 344, 346 (11th Cir. 1982) ("The judgment of the district court was vacated; thus, no final judgment on the merits exists.").

In Tillman's situation, the conviction, verdict, and sentence was entirely set aside based on a subsequent Florida Supreme Court decision that established Henriquez was not lawfully executing a legal duty at the time of Tillman's arrest. See Dorsey v. Continental Casualty Co., 730 F.2d 675, 678 (11th Cir. 1984) ("The law of the case does not apply to a finding that is later vacated." (emphasis in original)). Any "issues" determined in Tillman's trial are thereby denied preclusive effect. Thus, we hold that the district court clearly erred in determining

9

that Tillman could not establish the malice element due to the supposed preclusive effect of a sentence and conviction set aside by the state trial court.

In short, we conclude that the district court erred in dismissing the IIED claim against Henriquez, Duncan, and Melville; and that the district court erred in granting summary judgment in favor of Henriquez as to Tillman's malicious prosecution claim. As to these limited grounds, we reverse the district court's decision and remand for further consideration.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**