PER CURIAM.
Via emergency order, this panel granted the petition for writ of habeas corpus which challenged the petitioner’s incarceration upon a finding of criminal contempt. We now write to explain our reasoning.
By order of October 3, 2013, the lower tribunal held the petitioner in both direct and indirect criminal contempt of court and sentenced him to 5 months and 29 days in jail. The lower tribunal’s order to show cause why the petitioner should not be held in criminal contempt of court did not include any facts or specific allegations constituting the basis for the purported criminal contempt; instead, the order simply stated, “Mark Hash shall appear at the Court at 10:45 a.m. on September 18, 2013, in Courtroom 3H, of the Leon County Courthouse, Tallahassee, Florida, and show cause why he should not be held in contempt of court and if found in contempt, to be sanctioned as appropriate, including jail time and attorney’s fees.” This notice was insufficient. “[P]rior to the imposition of a sentence for indirect criminal contempt ... [a] defendant must receive notice of the essential facts that constitute the criminal contempt *352 and have an opportunity to show cause why the sentence should not be imposed.” Anton v. Anton, 106 So.3d 34 (Fla. 3d DCA 2013); see also Fla. R. Crim. P. 3.840(a), (g). “Due process of law requires that the accused be sufficiently advised of the charge so as to accord him reasonable opportunity to meet the charges by way of defense or explanation.” Deter v. Deter, 353 So.2d 614, 617-18 (Fla. 1st DCA 1977). Fundamental error results when a trial court fails to comply with this rule. See Anton at 35 (citing Pugliese v. Puqliese, 347 So.2d 422 (Fla.1977)).
Inasmuch as the order finding the petitioner guilty of contempt of court appeared to also find the petitioner guilty of direct criminal contempt for making “misrepresentations,” the order only discusses specific misrepresentations that were made outside the presence of the court. Not having been witnessed or heard directly by the trial court, these cannot constitute direct criminal contempt. See J.M. v. Gargett, 101 So.3d 352, 353 n. 1 (Fla. 2012) (citing A.A. v. Rolle, 604 So.2d 813, 814 n. 5 (Fla.1992) for the proposition that direct criminal contempt “ ‘occurs when the act constituting the contempt is committed in the immediate presence of the court’ ”). The court’s order does not discuss any specific conduct committed in the direct presence of the court. Accordingly, the facts alleged in the court’s order support only a finding of indirect criminal contempt — a charge for which the petitioner failed to receive adequate notice.
PETITION GRANTED.
WOLF, CLARK, and MARSTILLER, JJ., concur.