IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

C.R.T., A CHILD,

      Petitioner,

 v.

STATE OF FLORIDA,

      Respondent.

Case No.  5D17-0962
LT No. 15-CJ-005460-A-OR
     16-CJ-000132-A-OR

_____/

Opinion filed April 4, 2017

Petition for Writ of Habeas Corpus,
A Case of Original Jurisdiction.

Robert Wesley, Public Defender, and Aaron
Zeilberger, Assistant Public Defender,
Orlando, for Petitioner.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Marjorie Vincent-Tripp,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM.

     C.R.T. petitions for a writ of habeas corpus alleging that his two concurrent thirty-

day sentences to secure detention for contempt of court violate section 985.037(2),

Florida Statutes (2017).  We grant the petition.

On March 17, 2017, the juvenile court held Petitioner in direct contempt of court in both his pending cases, (16-CJ-000132-A-OR and 15-CJ-005460-A-OR), for "yelling and cussing at the court and his mother." In each case, he was sentenced to concurrent thirty-day sentences in secure detention.

On March 29, 2017, Petitioner admitted to violating his probation in both cases. The court revoked and terminated the probationary terms and sentenced him to new terms. The court set aside the release order and ordered that Petitioner remain detained until the thirty-day contempt sentences were completed. This was error.

"A delinquent child who has been held in direct or indirect contempt may be placed in a secure detention facility not to exceed 5 days for a first offense and not to exceed 15 days for a second or subsequent offense." § 985.037(2), Fla. Stat. "There is no ambiguity on the face of the statute; trial courts are explicitly authorized to sentence a juvenile to up to five days in secure detention for a first act of contempt, and up to fifteen days in secure detention for each additional act of contempt." J.M. v. Gargett, 101 So. 3d 352, 356 (Fla. 2012). Petitioner's maximum possible sentence in the case with the previous contempt (16-CJ-000132-A-OR) was fifteen days. Petitioner's maximum possible sentence in the case without a previous contempt (15-CJ-005460-A-OR) was five days. Accordingly, both thirty-day sentences are illegal and Petitioner, who has been held for seventeen days, is entitled to immediate release.

PETITION GRANTED.

ORFINGER, BERGER and EDWARDS, JJ., concur.

2