DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STEVEN GOODSTEIN,** as Personal Representative of the Estate of
Andrew Scott Goodstein,
Appellant,

v.

**SHELLEY GOODSTEIN,** as Conservator for **BLAKE GOODSTEIN** and
**CHANDLER GOODSTEIN,** and **GRANT GOODSTEIN,**
Appellees.

No. 4D18-2382

[January 9, 2019]

Appeal of nonfinal orders from the Circuit Court for the Fifteenth
Judicial Circuit, Palm Beach County; Jessica Ticktin, Judge; L.T. Case No.
2017CP003754XXX.

George L. Sigalos and Jennifer B. Carroll of Simon & Sigalos, LLP, Boca
Raton, and Jay Kauffman of Day Pitney/Chapin Ballerano & Cheslack,
Delray Beach, for appellant.

Jenna G. Rubin, Norman A. Fleisher, and Jacob W. Warren of Gutter
Chaves Josepher Rubin Forman Fleisher Miller P.A., Boca Raton, for
appellees.

PER CURIAM.

Steven Goodstein, personal representative ("P.R.") for Andrew
Goodstein's estate, appeals the trial court's non-final orders granting the
beneficiaries' petition to designate a trust company as a depository for
estate assets. The P.R. argues that the court erred by granting the petition
based upon a local policy without finding "other cause" under section
69.031(1), Florida Statutes (2017). We affirm because the record provides
support for a restricted depository, but we reprove any local policy that
presumes the need for a restricted depository in *all* cases. Whether there
is cause for a restricted depository should be decided on a case-by-case
basis.

The decedent, Andrew, was survived by an adult son and two minor
children ("the beneficiaries"). The will named the Andrew's father, Steven,

the P.R. The beneficiaries initially objected, but then mediated a settlement agreeing to Steven's appointment. Subsequently, they complained that by restricting information about estate assets he did not comply with the terms of their agreement. The beneficiaries then petitioned for an order designating a restricted depository for the assets.

The petition cited two grounds for a restricted depository. First, the beneficiaries believed that a recently-enacted local policy required restricted depositories in *all* probate cases, and Andrew's estate avoided the requirement only because it opened before the policy started. Second, the beneficiaries disputed the P.R.'s marshalling and expenditure of estate assets. At the hearing, they also requested a depository because of the litigious nature of the case.

The trial court agreed that restricted depositories were a matter of course in all probate cases in its jurisdiction, pursuant to local policy. It explained that the policy was intended to prevent assets from pouring out during probate administration. The court believed the policy also reduced expenses and increased productivity by encouraging attorneys to resolve cases more quickly. Therefore, it granted the beneficiaries' petition and entered a separate order designating a depository. The court was willing to reconsider the order if the use of a restricted depository increased litigation or became problematic.

Given that the issue on appeal turns on the interpretation of a statute as it relates to a local policy, this court utilizes a *de novo* standard of review. *See J.M. v. Gargett*, 101 So. 3d 352, 356 (Fla. 2012). To interpret a statute, this court primarily looks to the plain meaning of the statute, and if the language is clear and unambiguous, then the language controls. *See id.*

According to section 69.031(1):

> When it is expedient in the judgment of any court having jurisdiction of any estate in process of administration by any guardian, curator, executor, administrator, trustee, receiver, or other officer, *because the size of the bond required of the officer is burdensome or for other cause, the court may order part or all of the personal assets of the estate placed with a bank, trust company, or savings and loan association . . . designated by the court . . . .*

(Emphasis added).

The emphasized language makes it clear and unambiguous that a blanket policy providing for a depository to be used in all probate cases is improper. *See e.g., Sarasota All. for Fair Elections, Inc. v. Browning*, 28 So.

2

3d 880, 886 (Fla. 2010) ("A local government enactment may be inconsistent with state law if (1) the Legislature 'has preempted a particular subject area' or (2) the local enactment conflicts with a state statute." (quoting *Lowe v. Broward Cty.*, 766 So. 2d 1199, 1207 (Fla. 4th DCA 2000))). Under the statute, there are only two situations in which a court may order a restricted depository be used: (1) when the size of the bond required of the administrator or other officer is burdensome or (2) "for other cause." *See* § 69.031(1). Trial courts must look at *each case* carefully to determine whether it falls under one of these two situations.

Considering the application of section 69.031(1) to this case, no bond was required; however, the record presented grounds for the trial court to properly find "other cause" requiring a restricted depository. There is no dispute that the estate has significant assets, and the trial court believed the general goals of the local policy applied to preserve the assets and encourage efficient administration. Further, at the time of the hearing, neither the beneficiaries nor trial court knew how estate assets were being spent. It is also notable that the court repeatedly agreed that it would reconsider the depository requirement if necessary. Lastly, the record evidenced great tension between the P.R. and beneficiaries due to the parties' litigiousness—which included a lawsuit concerning the P.R.'s failure to timely provide information about estate assets. Thus, the circumstances provided support for a restricted depository due to "other cause."

Accordingly, we affirm the designation of a depository in this case, but admonish the trial court that it may not have a blanket policy requiring restricted depositories in all cases. "Other cause" for a restricted depository must be considered on a case-by-case basis. *See* § 69.031(1).

*Affirmed.*

GERBER, C.J., CIKLIN and KLINGENSMITH, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***

3